UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN W. MILLER,

                Plaintiff,

   -against-

APPLE, INC.,

                Defendant.

CIVIL ACTION NO. 25-CV-1172 (JPC) (RFT)

**OPINION & ORDER**

This case was referred to me for general pretrial supervision and dispositive motions. (*See* ECF 6, Order of Reference.) Pending before the Court is the motion by Pro Se Plaintiff for me to recuse myself from this matter. (*See* ECF 33, Mot. To Recuse.) This motion falls within the scope of my reference. For the reasons set forth below, the motion to recuse is DENIED.

**PROCEDURAL HISTORY**

On February 10, 2025, Pro Se Plaintiff John W. Miller brought suit against Defendant Apple, Inc. for alleged copyright infringement. (*See* ECF 1, Compl.) On February 11, 2025, Plaintiff filed an amended complaint. (*See* ECF 3, Am. Compl.) On February 14, 2025, Plaintiff filed a motion to enforce judgment (ECF 4) and a motion for an evidentiary hearing and subpoena request (ECF 5). On February 19, 2025, this case was referred to me for general pretrial supervision and dispositive motions. (*See* ECF 6, Order of Reference.) On February 20, 2025 and February 21, 2025, Plaintiff filed a motion for an evidentiary hearing (ECF 10); a motion "for judicial recognition of approved software corporation as an American company and Apple, Inc. as a multinational corporation" (ECF 11); a motion for treble damages for willful copyright infringement, breach of contract, and non-compliance with final default judgment

1

(ECF 12); a motion to hold a non-party liable for willful copyright infringement (ECF 13); a motion for an immediate hearing regarding a non-party's defamatory declaration (ECF 14); and a motion to reaffirm constitutional rights and to object to judicial irregularities and procedural interference (ECF 15).

On February 21, 2025, I issued an order stating that the motions to enforce a judgment (ECF 4) and for an evidentiary hearing (ECF 5) could not be considered until Defendant was served and afforded an opportunity to respond; I directed the Clerk of Court to issue a summons and ordered Plaintiff to serve Defendant within 90 days of the date of the summons. (*See* ECF 7, Order.) A summons issued on February 24, 2025. (*See* ECF 8.) On March 3, 2025, Plaintiff filed a motion for immediate issuance of a summons (ECF 24), which I denied as moot on March 4, 2025 (ECF 25, Order).

On February 22, 2025, Plaintiff filed a motion for an expedited defamation hearing against a non-party. (*See* ECF 17.) On February 24, 2025, Plaintiff filed a motion to compel production of FOIA records. (*See* ECF 16.) On February 25, 2025, Plaintiff filed a motion for permission to file electronically (ECF 18), which motion I granted (ECF 34, Order), and a motion to expedite enforcement of a judgment (ECF 19.) On February 26, 2025, Plaintiff filed a motion for Court assistance locating a non-party. (*See* ECF 23.) On March 7, 2025, Plaintiff filed an emergency motion to enforce a judgment. (*See* ECF 27.) On March 11, 2025, Plaintiff filed an emergency motion to compel immediate release of funds for legal representation. (*See* ECF 30.) On March 13, 2025, Plaintiff filed a motion to compel Defendant to "clarify its allegiance and compliance with U.S. law." (ECF 31.)

Plaintiff filed proof of service on February 26, 2025. (*See* ECF 22, Proof of Service.) On March 18, 2025, Defendant timely filed a motion to dismiss the operative complaint. (*See* ECF 37, Mot. To Dismiss.)

On March 12, 2025, Plaintiff filed the motion seeking my recusal. (*See* ECF 33, Mot. To Recuse.) He accurately states that I previously was a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") and that the firm represented Apple in a high-profile antitrust case, *Epic Games, Inc. v. Apple Inc.* (*See id.* at 1.) He argues that, "[g]iven the significance of Apple's defense by her former firm, and the nature of the present litigation, [my] involvement in this case presents a severe conflict of interest that undermines judicial impartiality and public confidence in this Court." (*Id.*) He cites to 28 U.S.C. § 455(a), which requires recusal when a judge's impartiality might reasonably be questioned, and 28 U.S.C. § 455(b)(2), which he contends requires recusal when a judge served in private practice with a firm that previously represented a party in a substantially related matter. (*See id.*) On March 13, 2025, Plaintiff filed "judicial notice of undue delay" in enforcing a final federal judgment. (ECF 32.)[1]

---

[1] I note that I have addressed those of Plaintiff's motions that may appropriately be decided before Defendant appears in this case; I will address Plaintiff's other pending motions once Defendant files a notice of appearance and has an opportunity to be heard. I further note that Plaintiff has not supported any of his motions for enforcement of a judgment by filing with this Court a copy of the judgment he wishes to enforce.

**DISCUSSION**

I.   **Law Governing Motions To Recuse**

Under 28 U.S.C. § 455(b)(2), recusal is required "[w]here in private practice [the judge] served as lawyer in the matter in controversy, or a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter." 28 U.S.C. § 455(b)(2).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."[2] *Green v. N.Y.C. Health & Hosps. Corp.*, 343 F. App'x 712, 713 (2d Cir. 2009) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness – whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.), *cert. denied*, 555 U.S. 1038 (2008).

The decision whether to recuse is in the first instance within the discretion of the judge whose recusal is sought. "The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

---

[2]   Unless otherwise indicated, this opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

4

II.     Analysis

It is accurate that I was a partner at Paul Weiss; I left the firm in 2016 to run a legal services clinic – a position that I held until I took the bench in November 2023. I have no financial relationship with the firm. Based on publicly available information, it appears that the Paul Weiss representation of Apple in connection with the case brought by Epic Games began in mid-2021, over 4 years after I left the firm. While in private practice, I did not "serve[ ] as lawyer in the matter in controversy" – that is, the matter Plaintiff here has brought against Apple; nor did a lawyer with whom I previously practiced law "serve[ ] during such association as a lawyer concerning the matter" – Plaintiff here does not argue that Paul Weiss represents Apple in connection with his case against Apple, let alone that it did so while I was affiliated with the firm. *See* 28 U.S.C. § 455(b)(2).

Even under the test proposed by Plaintiff, which is not the test required by law, recusal would not be warranted under § 455(b)(2). Plaintiff claims recusal is warranted when a judge served in private practice with a firm that previously represented a party in a substantially related matter. Plaintiff's claim against Apple is not substantially related to Epic Games' claim against Apple. The cases involve different plaintiffs (in this case Miller and in the Paul Weiss case Epic Games) and different areas of law (in this case copyright and in the Paul Weiss case antitrust law).

Recusal is also not warranted under 28 U.S.C. § 455(a), on the ground that my impartiality might reasonably be questioned. "The prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal." *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978)

5

(citing cases and holding that nothing in the representation of the judge's prior firm in "wholly unrelated matters" suggests that the judge should have "recused himself as a matter of discretion"), *cert. denied*, 439 U.S. 1072 (1979); *see also Benun v. Allstate Ins. Co.*, 225 F.3d 645 (2d Cir. 2000) (summary order) (same).

## CONCLUSION

For the foregoing reasons, the motion to recuse (ECF 33, Mot. To Recuse.) is DENIED.

The Clerk of Court is respectfully requested to terminate ECF 33.

DATED:    March 19, 2025
         New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**