UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN W. MILLER,<br><br>                    Plaintiff,<br><br>      -against-<br><br>APPLE INC.,<br><br>                    Defendant. | 25-CV-1172 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff John W. Miller has moved pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike Defendant Apple Inc.'s Motion to Dismiss the Complaint. (*See* ECF 40; ECF 41; ECF 50; ECF 51.) "[C]ourts in this district have held that Rule 12(f) does not authorize this court to strike documents other than pleadings." *Bazzelle v. NovoCure Ltd.*, No. 23-CV-5146 (GHW), 2025 WL 843668, at *6 (S.D.N.Y. Mar. 18, 2025); *see Honig v. Hansen*, No. 20-CV-5872 (AKH), 2021 WL 4651475, at *3 (S.D.N.Y. Oct. 6, 2021) (denying the plaintiffs' Rule 12(f) motions to strike material from defendants' motions to dismiss as "improper"). If Plaintiff wishes to oppose Defendant's Motion to Dismiss, he may do so by **April 8, 2025** and should include an explanation of his basis for concluding that the Court should reject Defendant's arguments.

Plaintiff has also moved for a default judgment against Defendant. (*See* ECF 46; ECF 56; ECF 59.) Defendant timely filed its Motion to Dismiss. (*See* ECF 49, Order.) Plaintiff has not demonstrated that Defendant's counsel's filing of its notice of appearance a day after filing the Motion to Dismiss is a basis for finding Defendant in default. *Cf. Martinez v. Sulner*, No. 04-CV-2728 (LTS) (DFE), 2006 WL 737137, at *2-3 (S.D.N.Y. Mar. 23, 2006) (denying the plaintiff's default judgment motion where the defendant filed its motion to dismiss one business day late,

explaining that default judgment is a "drastic remedy" resorted to "only in extreme situations"). There is a strong preference for deciding cases on the merits rather than based on a procedural misstep. *See Baxter v. Bradley*, No. 21-1787-pr (L), 2022 WL 1315629, at *1 (2d Cir. May 3, 2022) (reaffirming "our Circuit's 'strong preference for resolving disputes on the merits'"). Moreover, Plaintiff's default judgment application does not comply with the individual practices of Judge John P. Cronan or the Local Rules of this Court.

Finally, Plaintiff has moved to disqualify Defendant's counsel. (*See* ECF 62.) Defendant may file a letter opposing the motion to disqualify by **April 4, 2025**.

DATED: March 21, 2025
New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge