UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**John W. Miller**,

Plaintiff,

v.

**Judge Allison D. Burroughs, Chief Judge Timothy M. Cain, Judge J. Michelle Childs,**

**Magistrate Judge Paige J. Gossett**,

Defendants.

Case No.: 25-cv-1172 (JPC) (RFT)

# SUPPLEMENTAL COMPLAINT REGARDING JUDICIAL

# OBSTRUCTION AND SYSTEMIC RIGHTS VIOLATIONS

TABLE OF CONTENTS

Case No. 25-cv-1172 (JPC) (RFT)

1.      Section 1: Jurisdiction and Venue …………………………………………….. 1

2.      Section 2: Parties ………………………………………………………………….. 4

3.      Section 3: Statement of Facts …………………………………………………… 7

4.      Section 4: Causes of Action ……………………………………………………. 13

• Count I – Violation of the Seventh Amendment

• Count II – Due Process Violations (Fifth and Fourteenth Amendments)

• Count III – First Amendment Violation

• Count IV – Civil Rights Violations (42 U.S.C. § 1983)

• Count V – RICO Violations (18 U.S.C. § 1962(c))

• Count VI – Obstruction of Justice (18 U.S.C. §§ 1505 & 1512)

5.      Section 5: Prayer for Relief …………………………………………………… 20

6.      Section 6: RICO and Pattern of Racketeering Activity ……………. 25

A. Judicial Coordination Designed to Obstruct Justice

B. Acts in Furtherance of the Conspiracy

C. Reinforced Coordination with Defendant Counsel

D. Direct Harm Caused by Enforcement Delays

E. Enterprise-Level Racketeering

7.      Section 7: Concluding Statement and Exhibit Reference …………. 32

8.      Exhibits Incorporated by Reference …………………………………… 36

―――

**SECTION 1: JURISDICTION AND VENUE**

This is a civil action seeking injunctive, declaratory, and equitable relief, as well as compensatory and other damages, arising from ongoing constitutional violations and judicial misconduct perpetrated by multiple federal judicial officers acting in clear absence of jurisdiction, in bad faith, and in collusion with government attorneys and private corporate defendants.

Jurisdiction is proper in this Court under:

- 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States;

- 28 U.S.C. § 1343, for redress of civil rights violations under color of law;

- 42 U.S.C. § 1983, for the deprivation of rights secured by the Constitution;

- 28 U.S.C. § 1367, for supplemental jurisdiction over related state-law claims;

- And 28 U.S.C. § 2201–2202, for declaratory and injunctive relief.

Venue is proper in the Southern District of New York (SDNY) under 28 U.S.C. § 1391(b) because:

- The core civil enforcement action (Case No. 25-cv-1172) is currently pending before this Court;

- Substantial parts of the events giving rise to these claims occurred or continue to occur in this District;

- And because this District offers the only remaining impartial venue in which Plaintiff's rights may be vindicated.

This Court has authority to hear claims against federal judges where:

- They have acted outside the scope of their judicial duties;

- Or have taken actions in clear absence of all jurisdiction;

- Or where Plaintiff seeks prospective relief, such as vacating obstructive orders

and enforcing constitutionally mandated procedures and access to justice.

The Defendants in this amended complaint include:

1.    Judge Allison D. Burroughs, U.S. District Judge for the District of Massachusetts;

2.    Chief Judge Timothy M. Cain, U.S. District Judge for the District of South Carolina (Greenville Division);

3.    Judge J. Michelle Childs, now U.S. Court of Appeals Judge for the D.C. Circuit, formerly U.S. District Judge for the District of South Carolina (Columbia Division); and

4.    Magistrate Judge Paige Gossett, Magistrate Judge in the District of South Carolina (Columbia Division).

Plaintiff asserts that these Defendants, through their coordinated actions and willful disregard of constitutional mandates, have denied Plaintiff:

- His Seventh Amendment right to a jury trial;

- His First and Fourteenth Amendment rights to petition the government and access the courts;

- His right to enforce a valid FRCP Rule 55(b)(1) Final Default Judgment;

- And his ability to defend his U.S. Copyright through rightful access to funds and fair process.

## SECTION 2: PARTIES (ADDED)

Page 3 /s/ John W. Miller, American Inventor

Plaintiff John W. Miller is a citizen of the United States, residing in Waltham, Massachusetts. He is the sole owner of intellectual property registered with the U.S. Copyright Office and the founder of AppProved Software Corporation. Plaintiff is of Cherokee Indian heritage, with deep cultural and familial ties to Columbia, South Carolina, and the greater Southeastern region of the United States. Plaintiff brings this action pro se, having been repeatedly denied access to counsel due to judicial obstruction of his funds and rights.

Defendant Judge Allison D. Burroughs is a sitting United States District Judge for the District of Massachusetts. In Plaintiff's civil action (Case No. 1:24-cv-11325), Judge Burroughs engaged in repeated constitutional violations, including the denial of Plaintiff's right to a jury trial, suppression of a properly entered default, failure to recognize legal standing, and active speculation about the Plaintiff's motives rather than issuing rulings based on the pleadings. Judge Burroughs ignored repeated lawful motions and denied Plaintiff the right to present his claims to a jury, in violation of FRCP Rule 38 and the Seventh Amendment.

Defendant Chief Judge Timothy M. Cain is a sitting United States District Judge for the District of South Carolina (Greenville Division). Judge Cain actively orchestrated the obstruction of Plaintiff's access to certified court records of a final Default and Default Judgment in Case No. 3:20-cv-00844 by directing the Clerk of Court in the Columbia Division to ignore Plaintiff's lawful request. Judge Cain then attempted to manipulate venue by offering certification from the Greenville Division—a court that has never had, and never will have, personal jurisdiction over Plaintiff—in an effort to trap Plaintiff into waiving jurisdictional objections.

Defendant Judge J. Michelle Childs, now serving on the U.S. Court of Appeals for the D.C. Circuit, formerly presided over Plaintiff's case in the Columbia Division of USDC South Carolina. Before leaving for the appellate bench, Judge Childs unilaterally and unlawfully transferred Plaintiff's case from Columbia to Greenville without consent or jurisdictional basis.

CRITICAL

This transfer functioned as a targeted suppression of Plaintiff's Seventh Amendment right to a jury trial in a region where Plaintiff has longstanding cultural ties and family presence.

Defendant Magistrate Judge Paige Gossett is a sitting U.S. Magistrate Judge in the Columbia Division of USDC South Carolina. In Case No. 3:20-cv-00844, Magistrate Judge Gossett falsely stated in a formal order that Plaintiff agreed with Apple Inc.'s Motion for Summary Judgment— a claim that is unequivocally false. Plaintiff's opposition brief was written by a patent attorney with over 40 years of experience. Magistrate Judge Gossett not only ignored that brief, but used the fabricated agreement to justify the validation of the Sunil Sing Declaration, a defamatory and fraudulent document which directly caused the loss of $3.4 million in funding for AppProved Software Corporation. Her actions constitute egregious misconduct and irreparable harm to both the Plaintiff and his company.

### SECTION 3: STATEMENT OF FACTS (ADDED)

1.      Plaintiff John W. Miller is the owner of a registered U.S. Copyright (TXu 2-376-410) and the founder of AppProved Software Corporation. In 2020, Plaintiff filed Case No. 3:20-cv-00844 in the U.S. District Court for the District of South Carolina, Columbia Division, after Apple Inc. and foreign national Sunil Sing misappropriated his U.S. Copyright-protected intellectual property and interfered with a funding agreement that would have provided $3.4 million to his company.

2.      Plaintiff selected the Columbia Division as the filing venue based on his Cherokee Indian heritage and the extensive presence of his family in Columbia, South Carolina. Though he has never lived or worked in South Carolina, Plaintiff granted personal jurisdiction exclusively to the Columbia Division to ensure his case would be heard in a community reflective of his cultural background. Plaintiff made clear his intent to pursue a jury trial under FRCP Rule 38, to have his claims heard by a jury of culturally and regionally attuned peers.

3.    Before being elevated to the U.S. Court of Appeals for the D.C. Circuit, Judge J. Michelle Childs unilaterally and without Plaintiff's consent transferred the case to the Greenville Division, a court that has never had any personal jurisdiction over Plaintiff. Upon this illegal transfer, the Columbia Division lost the jurisdiction Plaintiff had originally conferred. Plaintiff has never granted personal jurisdiction to the Greenville Division and has explicitly and repeatedly denied it, both in filings and correspondence with the court.

4.    Despite lacking jurisdiction, the Greenville Division proceeded to issue a Summary Judgment in favor of Apple Inc. In connection with that ruling, Magistrate Judge Paige Gossett falsely stated that Plaintiff agreed with Apple's Motion for Summary Judgment — a claim that was completely untrue. Plaintiff had submitted a detailed opposition brief authored by a patent attorney with more than 40 years of experience. Magistrate Judge Gossett ignored that brief, and in doing so, validated a fraudulent declaration submitted by Sunil Sing, the same individual implicated in the theft of Plaintiff's intellectual property. The declaration was used by Apple to undermine Plaintiff's credibility and played a direct role in the loss of $3.4 million in funding for AppProved Software Corporation.

5.    In late 2023 and into 2024, Plaintiff repeatedly requested certified copies of the Default and Default Judgment issued by the Columbia Division — the only lawful and final judgments in the case. These requests were ignored. It was later made clear that this obstruction was orchestrated by Chief Judge Timothy M. Cain, who issued instructions to the Clerk of the Columbia Division to deny Plaintiff access to court documents. Instead, Cain attempted to lure Plaintiff into accepting jurisdiction from the Greenville Division, which offered to issue the same documents — a jurisdictional trap designed to retroactively validate a court that Plaintiff had never accepted.

6.

To obtain the certified Columbia judgments, Plaintiff was forced to pay $300 to a private paralegal to retrieve the documents from the courthouse in secret. This act, though successful, demonstrated the extreme measures Plaintiff had to take to overcome judicial obstruction just

to retrieve public records necessary to enforce a valid judgment. These barriers violated Plaintiff's First Amendment right to petition the government, as well as his right to due process under the Fifth and Fourteenth Amendments. Now, Plaintiff faces a similar obstruction in gaining access to critical FOIA records, including the communications of AUSA Thomas Kanwit with multiple federal judges — communications that likely reveal a broader conspiracy in Case No. 1:24-cv-11325 to deny Plaintiff his constitutional rights, property, and liberty. The repeated pattern of denial — both of physical court records and federally mandated transparency — further underscores the systemic nature of the misconduct and the coordinated efforts to suppress Plaintiff's pursuit of justice across jurisdictions.[1]


**FootNote 1:**

*Plaintiff submitted a FOIA request to the U.S. Department of Justice seeking all communications by AUSA Thomas Kanwit related to Case No. 1:24-cv-11325. Despite confirmed receipt of the request **(FOIA Request # 1804451**) and formal notice of appeal regarding delays, the DOJ has failed to produce responsive records, raising serious concerns about the content, existence, and potential suppression of communications relevant to the judicial obstruction alleged herein.*


7.    During the same period, Plaintiff's related case — Case No. 1:24-cv-11325, filed in the District of Massachusetts — was assigned to Judge Allison D. Burroughs. In that case, Judge Burroughs denied every single motion filed by Plaintiff, including a Motion for Jury Trial and a Motion for Reconsideration based on material facts. Judge Burroughs refused to acknowledge the default of the United States Government, whose representative, AUSA Thomas Kanwit, failed to respond and appeared on behalf of the wrong party. Her orders substituted

speculation and judicial assumption for factual review and completely denied Plaintiff the evidentiary hearing necessary to uncover systemic misconduct.

8.    In 2025, Plaintiff filed Case No. 25-cv-1172 in the Southern District of New York — an exclusive jurisdiction case focused on the copyright theft by Sunil Sing and Apple Inc. In a stunning act of legal misrepresentation, Defendant Counsel in SDNY attempted to rely on the void Summary Judgment issued by the Greenville Division, using it as a basis for their Motion to Dismiss — despite the fact that the judgment was jurisdictionally invalid and had been directly disclaimed by Plaintiff.

9.    These actions — across four federal judges and multiple circuits — demonstrate a coordinated and sustained effort to:

·    Suppress Plaintiff's valid and final judgment;

·    Deny access to courts and to funds needed to secure legal representation;

·    Obstruct justice through venue manipulation and misrepresentation;

·    Silence a Cherokee American Plaintiff attempting to hold a global corporation accountable for federal copyright theft.

10. In addition to his role in obstructing access to certified court documents and coordinating the jurisdictional trap regarding the Columbia Default Judgment, Chief Judge Timothy M. Cain went further by threatening Plaintiff with imprisonment if he contacted any Clerk of Court in the District of South Carolina to pursue lawful service of filings. These threats were made despite Plaintiff's protected First Amendment rights and ongoing litigation interests in the District. Judge Cain's conduct not only demonstrates a shocking abuse of judicial power, but further reinforces the Plaintiff's unwavering position that no U.S. District Court in South Carolina will ever be granted his personal jurisdiction. These acts of intimidation — paired with Cain's refusal to respond to Plaintiff's Rule 60 motion and his unlawful offer of certification from the Greenville Division — underscore the extent to which the federal judiciary was weaponized to suppress Plaintiff's rights and insulate Apple Inc. from legal accountability.

## SECTION 4: CAUSES OF ACTION (ADDED)

Count I – Violation of the Seventh Amendment (Right to Jury Trial)

Defendants Judge J. Michelle Childs, Judge Allison D. Burroughs, and Magistrate Judge Paige Gossett deprived Plaintiff of his constitutional right to a jury trial by:

- Transferring Plaintiff's case from Columbia (where a jury trial was lawfully demanded) to a venue without personal jurisdiction (Greenville);

- Dismissing Plaintiff's claims without trial despite a valid jury demand;

- Falsely stating that Plaintiff agreed to a summary judgment, despite an opposition brief drafted by experienced legal counsel;

- Failing to enforce Plaintiff's right to be heard by a jury under FRCP Rule 38.

These actions constitute a direct violation of the Seventh Amendment of the United States Constitution.

Count II – Deprivation of Due Process under the Fifth and Fourteenth Amendments

Defendants Judge Burroughs, Judge Cain, Judge Childs, and Magistrate Judge Gossett each participated in conduct that deprived Plaintiff of property, liberty, and access to the courts without due process, including:

- Denying access to final and certified judgments entered by the Columbia Division;

- Failing to acknowledge defaults properly filed under FRCP Rule 55(a) and (b)(1);

- Blocking access to funds rightfully owed to Plaintiff and essential for obtaining legal counsel;

Page 9 /s/ John W. Miller, American Inventor

·       Speculating about Plaintiff's motives and silencing meritorious motions without hearing or review;

·       Falsely attributing consent or agreement to judicial outcomes Plaintiff actively opposed.

These acts constitute violations of Plaintiff's rights to notice, opportunity to be heard, and fair judicial process.

Count III – First Amendment Violation (Right to Petition the Government)

Defendants Judge Cain and Judge Burroughs, through their obstruction of access to certified court records and suppression of motions, violated Plaintiff's First Amendment right to petition the government for redress of grievances. Plaintiff was forced to:

·       Hire a private paralegal to secretly obtain public documents;
·       File repeated, ignored motions to enforce default judgments;
·       Submit judicial notices that were systematically disregarded.

Such obstruction of lawful filings, certifications, and court access violates well-established First Amendment protections.

Count IV – Civil Rights Violations under 42 U.S.C. § 1983

Defendants acted under color of law to deprive Plaintiff of federally protected rights, including:

·       The right to a fair and impartial tribunal;
·       The right to enforce a lawful judgment;

·        The right to be free from fabricated judicial findings.

Each Defendant exceeded the boundaries of judicial immunity by acting in clear absence of jurisdiction, with personal animus, and/or with deliberate indifference to the impact of their actions on Plaintiff's rights and financial security.

Count V – RICO Violations under 18 U.S.C. § 1962(c)

Defendants are members of a coordinated network of judicial actors and court officers who have taken overt acts in furtherance of a conspiracy to:

·        Obstruct justice;

·        Protect Apple Inc. from litigation and financial accountability;

·        Silence Plaintiff by suppressing legal funds, denying rightful court access, and erasing procedural history;

·        Enable Defendant Counsel to continue operating in courts where they have no legal standing or authority to litigate against Plaintiff.

This pattern of obstruction, venue manipulation, and document suppression constitutes racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act (RICO).

Count VI – Obstruction of Justice under 18 U.S.C. §§ 1505 and 1512

Defendants Judge Timothy M. Cain, Judge J. Michelle Childs, and Magistrate Judge Paige Gossett, acting in concert and under color of federal authority, undertook a series of actions intended to obstruct Plaintiff's access to lawful judicial remedies and interfere with the

Page 11 /s/ John W. Miller, American Inventor

enforcement of a valid Final Default Judgment under FRCP Rule 55(b)(1). These actions include, but are not limited to:

· Threatening Plaintiff with imprisonment should he attempt to contact court officials for certified records necessary for enforcing judgment;

· Blocking all communication with the Clerk's Office in the Columbia Division despite valid procedural requests;

· Suppressing Plaintiff's FRCP Rule 60 motion, which was properly filed to vacate a Summary Judgment issued without jurisdiction;

· Attempting to deceive Plaintiff into accepting personal jurisdiction in the Greenville Division by offering certification of a judgment through an unauthorized venue;

· Deliberately delaying and denying access to key court records, thus impairing Plaintiff's ability to proceed in related legal actions in Massachusetts and New York.

These acts were committed knowingly and willfully, and with the intent to impede, obstruct, and influence ongoing civil judicial proceedings. Under 18 U.S.C. § 1505 (Obstruction of proceedings before departments, agencies, and committees) and 18 U.S.C. § 1512 (Tampering with a witness, victim, or informant), these Defendants engaged in conduct that rises to the level of federal obstruction and judicial tampering.

Plaintiff seeks declaratory and compensatory relief for the damages resulting from this deliberate interference with the administration of justice.

## SECTION 5: PRAYER FOR RELIEF

WHEREFORE, Plaintiff John W. Miller respectfully demands judgment in his favor and against Defendants Judge Allison D. Burroughs, Chief Judge Timothy M. Cain, Judge J. Michelle

Childs, and Magistrate Judge Paige Gossett, jointly and severally, and requests that this Court issue the following relief:

    1.    A Declaratory Judgment that:

    ·    The actions taken by Defendants in transferring, obstructing, and dismissing Plaintiff's cases violated Plaintiff's constitutional rights, including the Seventh, Fifth, and First Amendments;

    ·    The Summary Judgment issued in the Greenville Division is null and void for lack of personal jurisdiction;

    ·    The Default and Default Judgment entered by the Columbia Division in Case No. 3:20-cv-00844 are valid, final, and enforceable;

    ·    Plaintiff's jury trial demand under FRCP Rule 38 remains intact and cannot be waived by judicial fiat or mischaracterization.

    2.    An Injunction:

    ·    Prohibiting all further reliance on the Greenville Division's Summary Judgment in any federal or state proceeding;

    ·    Compelling the Clerk of Court in SDNY to process and enforce the domesticated Columbia Default Judgment under UEFJA without interference from any magistrate judge or unauthorized Defendant Counsel;

    ·    Requiring the release of all funds owed under the Default Judgment(s) to Plaintiff for the purpose of securing legal representation.

    3.    Vacatur of:

    ·    All orders and findings issued by Magistrate Judge Paige Gossett in Case No. 3:20-cv-00844;

    ·    All obstructive rulings entered by Judge Burroughs in Case No. 1:24-cv-11325;

    ·    The illegal venue transfer order issued by Judge J. Michelle Childs;

    ·    And any procedural obstacles currently blocking Plaintiff's lawful use of the SDNY docket in Case No. 25-cv-1172.

Page 13 /s/ John W. Miller, American Inventor

4.    Compensatory Damages in an amount to be proven at trial, for:

·    The $3.4 million in business losses directly resulting from the wrongful validation of the Sunil Sing Declaration;

·    Financial harm from delayed enforcement of the $4 billion+ Default Judgment;

·    Emotional distress, irreparable time loss, and enduring constitutional injury resulting from repeated violations of Plaintiff's rights.

5.    Punitive Damages in an amount sufficient to deter future misconduct by judicial actors who disregard their constitutional and ethical obligations.

6.    Attorneys' Fees and Costs, once representation is secured, pursuant to 42 U.S.C. § 1988 and other applicable authority.

7.    Any other relief the Court deems just and proper, including referral of all implicated judicial actors to the appropriate oversight bodies for investigation of systemic misconduct.

8. Referral for Criminal Investigation and Prosecution

Plaintiff respectfully requests that this Court refer Defendants Judge Allison D. Burroughs, Chief Judge Timothy M. Cain, Judge J. Michelle Childs, and Magistrate Judge Paige J. Gossett to the U.S. Department of Justice and any appropriate federal oversight or prosecutorial authorities for investigation and prosecution under:

·    18 U.S.C. § 241 – Conspiracy Against Rights,

·    18 U.S.C. § 242 – Deprivation of Rights Under Color of Law,

·    18 U.S.C. § 1505 – Obstruction of Proceedings Before Departments, Agencies, and Committees,

·    18 U.S.C. § 1512 – Tampering With a Witness, Victim, or Informant, and

·    18 U.S.C. § 1346 – Honest Services Fraud, if applicable.

9. Referral to the Office of Inspector General (OIG) and Office of Professional Responsibility (OPR) for additional review of DOJ personnel involvement.

Plaintiff asserts that the pattern of judicial misconduct, coordinated misrepresentation, denial of procedural and substantive rights, and unlawful interference with access to lawful remedies constitutes a criminal conspiracy to obstruct justice and deprive a U.S. citizen of constitutional protections. Plaintiff further demands that, upon finding such misconduct, the named Defendants be disqualified from further judicial service and held personally accountable, including imprisonment, where warranted by law.

## SECTION 6: RICO AND PATTERN OF RACKETEERING ACTIVITY

Plaintiff incorporates by reference all preceding paragraphs and alleges that Defendants Judge Allison D. Burroughs, Chief Judge Timothy M. Cain, Judge J. Michelle Childs, and Magistrate Judge Paige Gossett, acting in their official and individual capacities, participated in and perpetuated a pattern of racketeering activity under 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO).

### A. Judicial Coordination Designed to Obstruct Justice

The conduct of the Defendants is not isolated judicial error — it reflects a coordinated and prolonged campaign to:

- Block enforcement of a valid FRCP Rule 55(b)(1) Default Judgment;
- Protect a powerful corporate litigant, Apple Inc., from lawful accountability;
- Silence a pro se Indigenous Plaintiff;
- And eliminate access to procedural rights and remedies afforded to all

Americans under the Constitution.

Page 15 /s/ John W. Miller, American Inventor

This coordinated effort has now spread across three federal districts and multiple circuits, creating a latticework of obstruction that no ordinary pro se litigant could reasonably overcome without systemic intervention.

## B. Acts in Furtherance of the Conspiracy

Each Defendant committed one or more overt acts in furtherance of a conspiracy to defraud and suppress Plaintiff's rights. These include but are not limited to:

    ·    Judge J. Michelle Childs: Illegally transferring the case from Columbia to Greenville, extinguishing Plaintiff's selected jurisdiction and lawful jury demand.

    ·    Magistrate Judge Paige Gossett: Fabricating Plaintiff's agreement with Apple's Summary Judgment, misrepresenting the record, and validating a fraudulent declaration that caused irreparable business harm.

    ·    Chief Judge Timothy Cain: Orchestrating a jurisdictional bait-and-switch to force Plaintiff to accept certification from a court that lacked personal jurisdiction; threatening imprisonment if Plaintiff attempted to contact clerks who could assist in the enforcement of a lawful judgment.

    ·    Judge Allison D. Burroughs: Systematically denying Plaintiff's motions, suppressing an evidentiary hearing, and refusing to acknowledge valid defaults, all while siding with an AUSA representing the wrong entity.

## C. Reinforced Coordination with Defendant Counsel

The synchronization between judicial actors and Defendant Counsel has become increasingly evident. Despite being unauthorized under the law and court record, Defendant Counsel in SDNY continues to:

·       Invoke the fraudulent Greenville Summary Judgment as a shield in multiple jurisdictions;

·       Misrepresent the procedural history of Case No. 3:20-cv-00844;

·       Rely on fabricated findings that have been demonstrably rebutted by Plaintiff through sworn affidavits and legal filings, including ECF Nos. 75–79.

Such behavior is not possible without judicial acquiescence or direct coordination.

D. Direct Harm Caused by Enforcement Delays

The deliberate and unlawful delay in enforcing Plaintiff's FRCP Rule 55(b)(1) Final Judgment has inflicted staggering financial and strategic damage, including:

·       Preventing Plaintiff from retaining legal counsel in Massachusetts and New York;

·       Freezing over $4 billion in awarded damages, necessary to protect and commercialize his intellectual property;

·       Forcing Plaintiff to remain pro se in complex cross-jurisdictional litigation while defending against well-resourced multinational opposition;

·       Undermining Plaintiff's standing in pending legal actions and enabling continued defamatory attacks by Apple Inc. and its foreign agent Sunil Sing.

Each delay is not merely inconvenient — it is devastating. It impairs justice, it perpetuates harm, and it advantages a party that has never once been held to account under the law.

## E. Enterprise-Level Racketeering

The convergence of false declarations, jurisdictional manipulation, refusal to process lawful judgments, and judge-counsel coordination constitutes a racketeering enterprise within the meaning of 18 U.S.C. § 1961. This enterprise includes:

- Judicial actors who conspire to suppress Plaintiff's rights;
- Clerk's offices that follow unlawful orders to obstruct the docket;
- And Defendant Counsel who exploit illegal court rulings and judge-authored

misrepresentations to undermine Plaintiff's rights and maintain jurisdictional frauds.

The enterprise's objective is clear: to bury a lawful Default Judgment, shield a multi-trillion-dollar corporation from liability, and destroy the legal and financial standing of an Indigenous American inventor seeking justice under the U.S. Constitution.

## SECTION 7: CONCLUDING STATEMENT AND EXHIBIT REFERENCE

This Supplemental Complaint establishes far more than a disagreement over venue or judicial discretion — it reveals a system-wide breakdown of justice facilitated by the deliberate actions of federal judges who have abandoned impartiality in favor of protecting institutional interests and powerful defendants. The named Defendants have operated in a coordinated fashion to suppress Plaintiff's constitutional rights, obstruct valid federal judgments, and enable the continued misuse of judicial authority to silence, discredit, and financially disable a pro se litigant of Indigenous heritage.

Defendants Judge Allison D. Burroughs, Chief Judge Timothy M. Cain, Judge J. Michelle Childs, and Magistrate Judge Paige Gossett — acting both individually and collectively — have:

•        Denied Plaintiff's Seventh Amendment right to a jury trial;

•        Deprived Plaintiff of due process and equal protection under the Fifth and Fourteenth Amendments;

•        Obstructed lawful efforts to enforce a valid FRCP Rule 55(b)(1) Final Default Judgment;

•        Validated and disseminated false declarations and fraudulent court findings;

•        And engaged in conduct rising to the level of civil rights violations and RICO enterprise coordination.

These judicial actors have not only misused the power of their office — they have weaponized it to retaliate against a litigant who dared to enforce his rights against a globally powerful corporate entity that stole U.S. Copyright-protected software poised to greatly enhance their profitability worldwide. Their misconduct includes misrepresentations of record, deliberate denial of access to procedural safeguards, and coordinated reliance on an unlawful Summary Judgment that was fabricated in a venue with no personal jurisdiction over Plaintiff.

Plaintiff now presents this Supplemental Complaint with attached documentation as formal notice to this Court and the public record that:

1.       The Summary Judgment rendered by the Greenville Division in Case No. 3:20-cv-00844 was and remains void for lack of personal jurisdiction and must be barred from all further litigation, including the pending SDNY matter;

2.       The Default and Default Judgment issued by the Columbia Division are the only valid and final rulings in that case, and they must be enforced under UEFJA without judicial interference;

3.    The pattern of racketeering behavior exhibited by the named Defendants warrants full investigation and corrective action by this Court and, if necessary, referral to appropriate federal oversight bodies;

4.    The damages inflicted on Plaintiff — personal, professional, financial, and constitutional — demand full redress before an impartial jury, consistent with FRCP Rule 38 and the Seventh Amendment.

This Court stands now as the last venue untainted by the misconduct detailed herein. Plaintiff trusts that SDNY will act with integrity where other districts have failed, and that the rule of law — not the rule of power — will prevail.

**Exhibits Incorporated by Reference**

Plaintiff includes and incorporates the following exhibits by reference to support this Complaint:

·    ECF Nos. 72–74 (SDNY Case No. 25-cv-1172): Demonstrating the refusal to enforce a lawful Rule 55(b)(1) Default Judgment and the unauthorized reliance on a void Summary Judgment;

·    Notarized Affidavit & Certified Final Default Judgment (Case No. 3:20-cv-00844, Columbia Division): The valid and final judgment domesticated under UEFJA;

·    Global Certificate of Service: Verifying all relevant Defendants and opposing counsel have been formally served;

·    ECF Nos. 75–79: Detailing judicial obstruction, constitutional violations, and Plaintiff's efforts to strike the invalid Summary Judgment;

·        Supporting Motions and Judicial Misconduct Complaints: Filed against each

Defendant and establishing a record of pattern-based abuse and retaliation.

Respectfully submitted,

/s/ John W. Miller

John W. Miller,  **American** Inventor

33 Gill Rd.

Waltham, MA 02453

(510) 710-5239

jwmiller382@icloud.com

Plaintiff demands a return to constitutional order, the restoration of judicial integrity, and the

right to seek justice without retaliation or obstruction.

Dated: March 23, 2025