UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN W. MILLER,<br><br>                Plaintiff,<br><br>-against-<br><br>APPLE, INC.,<br><br>                Defendant. | CIVIL ACTION NO. 25-CV-1172 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

This case was referred to me for general pretrial supervision and dispositive motions. (*See* ECF 6, Order of Reference.) Pending before the Court is the pro se Plaintiff's motion to disqualify Defendant's counsel. (*See* ECF 62; ECF 112.) Defendant opposes that motion. (*See* ECF 110.) This motion falls within the scope of my reference. *See Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301, 303-04 (S.D.N.Y. 1997) (explaining that motions to disqualify counsel "are non-dispositive and are thus subject to the more deferential standard under Rule 72(a)"). For the reasons that follow, Plaintiff's motion is DENIED.

Plaintiff argues that disqualification of Defendant's counsel is appropriate because: 1) a court in the District of South Carolina granted Defendant's unopposed motion to be excused from mediation in an earlier case in which Plaintiff sued Apple and his former manager at Apple, Sunil Singh (20-CV-0844-TMC) (the "South Carolina Action"), which Plaintiff contends "effectively excused Apple, Inc. from further litigation obligations in that case" and renders an appearance by Apple's counsel in this case "improper"; 2) Apple's counsel also represented

1

Singh in the South Carolina Action and represents Singh in this case,[1] which Plaintiff claims is a conflict of interest raising ethical concerns; 3) counsel's appearance for Defendant hinders Plaintiff in enforcing a default by Defendant; and 4) counsel has relied on what Plaintiff argues is a "void" grant of summary judgment in favor of Apple in the South Carolina Action. (*See* ECF 62; ECF 112.)

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005).[2] As the Second Circuit has explained:

> [D]isqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, . . . or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . .

*Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764-65 (2d Cir. 1990). Disqualification of a lawyer is a "drastic measure" that is viewed with disfavor in this Circuit. *Capponi v. Murphy*, 772 F. Supp. 2d 457, 471 (S.D.N.Y. 2009); *see Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc.*, 325 F. Supp. 2d 270, 275-76 (S.D.N.Y. 2004) ("[Disqualification] motions are generally viewed with disfavor in this Circuit."). Accordingly, "a district court must consider the factual record underlying such a motion in detail to determine whether the party seeking disqualification has sustained the high standard of proof necessary to disqualify opposing counsel." *Papyrus Tech.*, 325 F. Supp. 2d at 276.

---

[1] Singh is not a defendant in this action but had been a defendant in the South Carolina Action.

[2] Unless stated otherwise, this report and recommendation omits internal quotation marks and citations from quotations.

While "courts within the Second Circuit have noted that parties have standing to seek disqualification of counsel for the opposite party on conflict-of-interest grounds," *Billewicz v. Town of Fair Haven*, No. 22-CV-0073, 2022 WL 4115966, at *2 (D. Vt. Aug. 11, 2022) (collecting cases), *aff'd*, 2023 WL 3961437 (2d Cir. June 13, 2023), "courts must guard against the tactical use of motions to disqualify counsel, [which are therefore] subject to fairly strict scrutiny," *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009).

Plaintiff's first, third, and fourth arguments in support of disqualifying Defendant's counsel – that Defendant may not litigate this action in this Court due to a prior ruling in the South Carolina Action, that Plaintiff is prejudiced by Defendant's having counsel to represent it in this action, and that counsel has improperly relied on a "void" judgment – are not the types of reasons that support disqualification of counsel. *See Bobal*, 916 F.2d 764-65. Nor is there any basis to extend disqualification of counsel to these situations.

The South Carolina court's grant of an unopposed motion by Apple to be excused from mediation did not bar Apple from continuing to defend itself in the South Carolina Action and certainly does not prevent Apple from defending itself when sued by Plaintiff in other jurisdictions, including in this case. Plaintiff provides no support for this position, nor could he. Plaintiff has not followed the procedures of this Court and the Federal Rules of Civil Procedure in attempting to seek a default judgment, and thus no default judgment against Defendant has been issued in this case. (*See* ECF 69, Order.) Even if Defendant had been in default, there is no cognizable prejudice to Plaintiff in Defendant's subsequent appearance through counsel one day after the supposed default – our adversarial system presumes that parties (especially companies that cannot appear pro se) will have counsel. *See Jones v. Niagara Frontier Transp.*

3

*Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."). And there is no cognizable prejudice to Plaintiff due to the reliance by Defendant's counsel on what Plaintiff believes to be a "void" summary judgment order in favor of Apple in the South Carolina Action: Plaintiff may certainly advocate in support of his position that the summary judgment order has been "voided," and the Court will decide if it agrees with that position based on governing law.

Plaintiff does not argue that disqualification is warranted because Defendant's counsel previously represented him and therefore potentially has access to privileged information about him, *see Bobal*, 916 F.2d 764-65. The only relevant question is whether Defendant has a conflict of interest that "undermines the court's confidence in the vigor of the attorney's representation of his client." *Id.* I answer that question in the negative.

Plaintiff's unsupported allegation of a conflict of interest based on counsel's joint representation of Defendant and Singh is insufficient to show that there is in fact a conflict of interest requiring counsel's disqualification. *See Ritchie v. Gano*, No. 07-CV-7269 (VM) (JCF), 2008 WL 4178152, at *10 (S.D.N.Y. Sept. 8, 2008) (explaining that "mere speculation" is "insufficient grounds to disqualify [counsel]"). In fact, it is quite common for the same counsel to represent both a company and an individual employee or former employee of the company in connection with alleged wrongdoing within the scope of the individual's employment on the theory that the company's interests are aligned with the individuals. *See, e.g.*, *Tartaglia v. City of N.Y.*, No. 98-CV-5584 (JGK) (RLE), 1999 WL 151104, at *1-2 (S.D.N.Y. Mar. 19, 1999) (noting that joint representation is permissible where the defendants "share an interest in challenging [the] plaintiff's allegations"). Here, Plaintiff's own argument in favor of disqualification – that

4

Plaintiff is prejudiced by the appearance of counsel in this case because without counsel, Apple would be in default – makes clear that Plaintiff's efforts to disqualify Apple's counsel is tactical rather than principled.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify Defendant's counsel is DENIED. The Clerk of Court is respectfully requested to terminate ECF 62.

DATED:    April 7, 2025
               New York, New York

So Ordered.

ROBYN F. TARNOFSKY
United States Magistrate Judge