UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JOHN WILLIAMS MILLER,                                                   :
                                                                        :
                          Plaintiff,                                    :
                                                                        :
            -v-                                                         :   25 Civ. 1172 (JPC) (RFT)
                                                                        :
APPLE, INC.,                                                            :   ORDER
                                                                        :
                          Defendant.                                    :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

"District courts have the 'inherent authority to manage their dockets' to promote 'the efficient and expedient resolution of cases.'" *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 214 (2d Cir. 2024) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2024)). Accordingly, while a court may not ultimately bar a party from making a motion or other filing authorized by the Federal Rules of Civil Procedure, courts retain the discretion to dictate the timing of such filings. *See Charter Nat. Life Ins. Co. v. FPL Grp. Cap., Inc.*, No. 95 Civ. 9067 (SAS), 1997 WL 151033, at *1 (S.D.N.Y. Apr. 1, 1997). That discretion derives from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). District courts therefore routinely structure the timing of parties' filings to mitigate the burden imposed through their consideration. *See, e.g.*, *Riddle v. Claiborne*, No. 00 Civ. 1374 (MBM), 2001 WL 1352456, at *1 (S.D.N.Y. Nov. 2, 2001) (instructing a *pro se* plaintiff "not to file any further substantive motions until after the close of discovery" because the "plaintiff's submissions [were] burdensome for both the court and [the] adversary"); *Hicks v. T.L. Cannon Corp.*, 66 F. Supp. 3d 312, 314 (W.D.N.Y. 2014) (ordering, under the court's inherent authority to control the timing of filings,

"that no party may file any further dispositive motions until fact discovery is completed" in light of "the procedural history of this case and the parties' demonstrated inclination to file piecemeal dispositive motions").

Acting under this authority, the Court has issued two Orders noting the drain of judicial resources which Plaintiff's numerous daily filings have caused and directing Plaintiff to "refrain from making additional filings in this case *until the Court rules on any objections to Judge Tarnofsky's Report and Recommendation on Defendant's motion to dismiss*." Dkt. 208 (emphasis added); *see* Dkt. 218 (repeating this directive). Notwithstanding this instruction, Plaintiff has continued to make filings in this matter, seemingly undeterred by the Court's directives regarding the appropriate time at which such filings can be made and the consequences that can entail from violations of a court order. *See, e.g.*, Dkts. 221-233.

The Court has thus far declined to begin the process to enter either a limited filing injunction against Plaintiff or to order the Clerk of Court not to accept further filings from Plaintiff in this matter. *See, e.g.*, *Viola v. United States*, 307 F. App'x 539, 539 (2d Cir. 2009); *Moates v. Rademacher*, 86 F.3d 13, 15 (2d Cir. 1996); *In re Hartford Textile Corp.*, 613 F.2d 388, 390-91 (2d Cir. 1979). The Court has, however, already twice "notifie[d] the litigant that future frivolous filings might result in sanctions," to no avail. *Viola*, 307 F. App'x at 539. Plaintiff is therefore cautioned, for the third time, that continuing to make filings in this matter before the Court rules on objections to Judge Tarnofsky's Report and Recommendation may result in sanctions. The Court further notifies Plaintiff that continuing to submit frivolous filings may result in the Court issuing an order to show cause why a limited filing injunction should not be imposed in this case.

SO ORDERED.

Dated: April 29, 2025  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge