UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN W. MILLER,<br><br>                Plaintiff,<br><br>    - vs. -<br><br>APPLE, INC.,<br><br>                Defendant. | Case No. 25-cv-01172-JPC-RFT |

**DEFENDANT APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS CROSS-MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT AND ENTER A NATIONWIDE ANTI-FILING INJUNCTION**

DAVIS WRIGHT TREMAINE LLP
John M. Magliery
Sharon A. Joseph
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: 212.603.6444
johnmagliery@dwt.com
sharonjoseph@dwt.com
   -and-
Adrian Vallens (*pro hac vice*)
350 S. Grand Ave, 27th Floor
Los Angeles, CA 90071
Tel. 213.633.6800
adrianvallens@dwt.com

*Attorneys for Defendant
Apple Inc.*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 3

    A. Miller's Prior Lawsuits ....................................................................................... 3

        1. The South Carolina Action .................................................................... 3

        2. The Massachusetts Actions .................................................................... 3

    B. This Case ............................................................................................................ 4

    C. Miller's Conduct After this Case ........................................................................ 6

III. LEGAL STANDARD ..................................................................................................... 6

IV. ARGUMENT .................................................................................................................. 8

    A. Factor 1: Miller's Vexatious and Harassing Lawsuits Filed Before and After this Action Necessitate a Nationwide Filing Injunction .......................................... 9

    B. Factors 2 and 3: Miller's Improper Motives in Bringing These Lawsuits and his Abuses of his *Pro Se* Status Prove that he is a Vexatious Litigant .................. 9

    C. Factor 4: Despite Repeated Warnings, Miller Continues to Target Apple, Mr. Singh, and the Judicial System ....................................................................... 10

    D. Factor 5: A Nationwide Injunction Is the Only Way to Stop Miller's Vexatious Conduct ............................................................................................................ 12

V. CONCLUSION ............................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abdullah v. Gatto*,
  773 F.2d 487 (2d Cir. 1985) ..................................................................................................7

*AppProved Software Corp., et al. v. Sing, et al.*,
  No. 1:24-cv-11325-ADB (D. Mass.) ..................................................................................3, 4

*Eliahu v. Jewish Agency for Israel*,
  919 F.3d 709 (2d Cir. 2019) ............................................................................................11, 13

*In re Gen. Elec. Co. Sec. Litig.*,
  998 F. Supp. 2d 145 (S.D.N.Y. 2014) ..................................................................................10

*In re Hartford Textile Corp.*,
  681 F.2d 895 (2d Cir. 1982) (per curiam) .............................................................................7

*In re Martin-Trigona*,
  737 F.2d 1254 (2d Cir. 1984) ...............................................................................2, 7, 8, 12

*Iwachiw v. N.Y. State Dept. of Motor Vehicles*,
  396 F.3d 525 (2d Cir. 2005) ................................................................................................11

*Lau v. Meddaugh*,
  229 F.3d 121 (2d Cir. 2000) (per curiam) ...........................................................................12

*Malcolm v. Board of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*,
  737 F. Supp. 2d 117 (W.D.N.Y. 2010) ..................................................................................8

*Miller v. Apple*,
  2022 WL 4546029; *sub nom*, 2023 WL 4181279 ................................................................3

*Miller v. Apple*,
  2481-cv-03263 (Middlesex Cnty. Super. Ct., Commonwealth of Mass.) ..............................4

*Miller v. Apple et al.*,
  1:25-cv-04576 ECF 1 (N.D. Ill., April 24, 2025) ..............................................................2, 6

*Miller v. Apple et al.*,
  2:25-mc-00022-JNW ECF 1 (W.D. Wa., April 22, 2025) .................................................2, 6

*Miller v. Apple Inc.*,
  No. 3:20-cv-00844-TMC (D. S.C.), ECF No. 1 ....................................................................3

*Safir v. U.S. Lines*,
    792 F.2d 19 (2d Cir. 1986)..................................................................................2, 7, 8

*Sassower v. Abrams*,
    883 F. Supp. 253 (S.D.N.Y. 1993) ...............................................................................2, 13

*Sathianathan v. Smith Barney*,
    2006 WL 538152 (S.D.N.Y. Feb. 24, 2006)...............................................................10

*Thomas & Agnes Carvel Found v. Carvel*,
    736 F. Supp. 2d 730 (S.D.N.Y. 2010)..........................................................................2

*Tibbetts v. Stempel*,
    2005 WL 2146079 (D. Conn. Aug. 31, 2005) ...........................................................10

*Vasile v. Dean Witter Reynolds*,
    205 F.3d 1327 (2d Cir. 2000)......................................................................................8

*Woodhouse v. Meta Platforms*,
    704 F. Supp .3d 502, 521 (S.D.N.Y. 2023)..................................................................2

**Federal Statutes**

28 U.S.C. § 1651(a) .................................................................................................................7

**Rules**

Federal Rules of Civil Procedure, Rule 11 ..........................................................................10

iii

Following the Court's May 2, 2025 Order to Show Cause on why the Court should not issue a filing injunction against Miller, Defendant Apple Inc. ("**Apple**," and erroneously sued as "Apple, Inc.") respectfully submits this memorandum in support of its cross-motion seeking an order declaring Plaintiff John W. Miller ("**Miller**") a vexatious litigant, and entering a nationwide anti-filing injunction, stating as follows:

## I.     INTRODUCTION

Mr. Miller is a *pro se* litigant who has harassed Apple and one of its employees and continues to burden this Court and many others across the United States. His many lawsuits, all of which lack merit, have repeatedly been dismissed, and his excessive and procedurally improper filings are frivolous. Upon dismissal in one court, Miller then proceeds with filing a new lawsuit in another court, claiming that Apple has "defaulted" in the prior proceedings, and seeking to add as defendants the judges, federal employees, clerks, and other people who Miller believes have wronged him in these prior actions. As of the date of this Cross-Motion, Miller has sued Apple in seven courts across the country. Only a ***nationwide*** injunction will suffice to curb Miller's vexatious behavior.

Miller's litigation history in this case illustrates the serious burdens Miller has, and continues to, impose on Apple and the Court. As this Court recognized in its April 16, 2025 Order, Miller has averaged "multiple filings every day," and has filed dozens of "frivolous and vexatious submissions," all of which arise from already-adjudicated allegations that he was wronged by Apple and its former employee Sunil Singh ("**Mr. Singh**"). *See* Dkt. 186. Many of these filings carry serious allegations. Miller has submitted false statements to the Court and has accused Apple and the Court of criminal misconduct. *See, e.g.*, Dkts. 3-3 at 4–6 (attaching false "default judgment"); 151 (accusing J. Tarnofsky of "criminal docket tampering involving [his] filings"), 226 (seeking DOJ investigation into Judge Cronan for violations of criminal code). He

1

has also threatened to initiate immigration proceedings against Mr. Singh. *See, e.g.*, Dkts. 17, 23. And Miller has failed to pay attention to the Court's many warnings that his failure to abide by its orders may result in sanctions. *See* Dkts. 186, 208, 218. Despite these orders, and others, nothing has stopped Miller from continuing his litigation campaign against Apple. Instead, following this Court's report and recommendation to dismiss the case, Miller has opted to file at least two new lawsuits in additional jurisdictions, falsely claiming Apple "defaulted" in this action. *See Miller v. Apple et al.*, 2:25-mc-00022-JNW ECF 1 (W.D. Wa., April 22, 2025); *Miller v. Apple et al.*, 1:25-cv-04576 ECF 1 (N.D. Ill., April 24, 2025).

Nationwide injunctive relief is justified and necessary because Miller's pattern of frivolous filings "has imposed extensive and entirely unjustified burdens on the targets of [his] campaign, and has equally saddled the courts with a healthy crop of frivolous litigation." *Thomas & Agnes Carvel Found v. Carvel*, 736 F. Supp. 2d 730, 771 (S.D.N.Y. 2010); *Safir v. U.S. Lines*, 792 F.2d 19, 25 (2d Cir. 1986) (noting that, under the circumstances, "mere dismissal of this action will not hinder [the plaintiff] from initiating further similar proceedings"). Under applicable Second Circuit law, the record supports extending that injunction nationwide to bar unauthorized filings in any court, as a district-specific injunction will not deter his misconduct. *See In re Martin-Trigona*, 737 F.2d 1254, 1258-59, 1262-63 (2d Cir. 1984) (affirming nationwide injunction); *Sassower v. Abrams*, 883 F. Supp. 253, 270 (S.D.N.Y. 1993) (entering nationwide injunction); *Woodhouse v. Meta Platforms*, 704 F. Supp .3d 502, 521 (S.D.N.Y. 2023) (same).

Apple respectfully requests that the Court issue an order declaring Miller a vexatious litigant and issuing a nationwide injunction enjoining him (and his company, AppProved Software) from filing any civil action against Apple and its respective employees, directors,

2

officers, attorneys, or partners, including former Apple employee Mr. Singh, in any court without first obtaining leave of court.

## II. BACKGROUND

### A. Miller's Prior Lawsuits

#### 1. The South Carolina Action

Miller commenced an action in the District of South Carolina, Columbia Division, alleging claims of race and national origin discrimination and intellectual property theft. *See generally Miller v. Apple Inc.*, No. 3:20-cv-00844-TMC (D. S.C.), ECF No. 1 (Compl.) (referred to throughout as the "South Carolina Action"). The court in the South Carolina Action initially dismissed Miller's claim of "intellectual property theft" for failure to state a cognizable claim, allowing Miller's claim of discrimination to proceed to discovery, *see id.*, ECF Nos. 13; 60. Ultimately, the court entered summary judgment in favor of Apple and against Miller, a ruling which was subsequently affirmed on appeal. *Id.*; *see also Miller v. Apple*, 2022 WL 4546029; *sub nom*, 2023 WL 4181279, at *1.

There was no default judgment entered in Miller's favor in the South Carolina Action. There was, however, an order restraining Miller from further contacting the court through unauthorized filings and phone calls as a result of Miller's "discourteous, abusive, and profane behavior" to court staff and others. *See id.* ECF 212. The court also took notice of Miller's "profane and personally degrading language" and his dozens of unauthorized filings. *See Miller v. Apple Inc.*, No. 3:20-cv-00844-TMC (D. S.C.), Civil Docket Text Orders, ECF Nos. 139, 212.

#### 2. The Massachusetts Actions

Miller then filed three separate actions in three different Massachusetts courts relating to the same grievances at issue here. *See AppProved Software Corp., et al. v. Sing, et al.*, No. 1:24-cv-11325-ADB (D. Mass.) (the "**Federal Massachusetts Action**"); *Miller v. Apple et al.*, 2484-

3

cv-03046 (Suffolk Cnty. Super. Ct., Commonwealth of Mass.) (the "**Suffolk Massachusetts Action**"); *Miller v. Apple*, 2481-cv-03263 (Middlesex Cnty. Super. Ct., Commonwealth of Mass.) (the "**Middlesex Massachusetts Action**"). In both the Federal Massachusetts Action and Suffolk Massachusetts Action, Miller named Apple, Mr. Singh, and judges from the South Carolina Action as defendants. Each of these actions was either voluntarily dropped or dismissed. *See id*.

For example, in the Middlesex Massachusetts Action, Miller sued Apple and Mr. Singh to enforce a purported default judgment entered in his favor in the South Carolina Action, even though Apple and Mr. Singh appeared and prevailed in that action, and there was no default judgment to enforce. *See id*. On March 28, 2025, Judge Deakin granted Apple and Mr. Singh's "Motion to Dismiss Plaintiff's Request to Enforce a 'Default Judgment'" and issued a judgment dismissing Miller's complaint with prejudice. *Id.* at Dkts. 104–05. In agreement with Apple and Mr. Singh, Judge Deakin explained that "the fundamental problem with Mr. Miller's action is that neither of the documents upon which he relies are, in fact, default judgments." *Id.* at Dkt. 104.

Across the Massachusetts Actions, Miller made dozens of unauthorized and meritless filings, and repeatedly ignored the local rules and the courts' orders in those cases.

**B.    This Case**

Undeterred, on February 10, 2025, Miller unsuccessfully sued Apple for alleged copyright infringement despite that claim being barred by res judicata and a lack of personal jurisdiction. *See* Dkt. 1. He also sought to enforce what he describes as a "default judgment" against Apple in the South Carolina Action despite no default judgment ever having been entered, and he falsely asserted that Apple has engaged in several federal crimes such as wire

4

fraud, witness tampering, and obstruction of justice. *See id.* On April 16, 2025, Judge Tarnofsky correctly recommended that all of these claims be dismissed with prejudice. *See* Dkt. 180.

In addition to his Complaint, Miller has filed more than 240 motions, notices, and other filings with this Court, all while this case remains at the pleading stage. None of these filings were authorized, and none comply with this Court's rules or the rules of the Southern District of New York. As this Court already determined, the "dozens of frivolous and vexatious submissions" that Miller has filed "average multiple filings every day" and "have resulted in considerable expenditure of court resources" and of Apple's. *See* Dkt. 186.

In response to these and other rulings against him, Miller has sought to retaliate against Apple, its employees, and this and other courts. For example, in this case, Miller attempted to add this Court, several judges from other jurisdictions (both state and federal), and a federal government attorney as additional defendants in this case without any basis for doing so. *See* Dkt. 82. He also sought the disqualification of Apple's counsel, and the disqualification and recusal of the District Court Judge and Magistrate Judge assigned to this case. *See* Dkts. 61, 62, 207. Miller has also called for immigration proceedings and a Department of Homeland Security investigation against a former Apple employee who served as Miller's former manager, Mr. Singh—despite Mr. Singh being a U.S. citizen. *See* Dkts. 17, 23. All of these requests have been rightfully denied.

Miller has only increased this inappropriate conduct in recent weeks. Since this Court revoked his electronic filing rights for abusing the electronic filing privileges and ordered Miller to refrain from submitting any filings other than his objections to the Magistrate's Report and Recommendation, Miller has continued to file dozens of unauthorized motions and notices, all involving issues that have already been adjudicated against Mr. Miller. Miller has ignored

5

multiple Court orders warning him that these violations may subject him to sanctions. *See* Dkts. 186, 208, 218, 241, 266.

Miller has also been warned that he may be subject to a "limited filing injunction." Dkt. 241. Despite this warning, Miller has since made another thirty-five unauthorized filings.[1]

**C.    Miller's Conduct After this Case**

After Magistrate Judge Tarnofsky issued the Report and Recommendation that Miller's Complaint be dismissed with prejudice (Dkt. 180), and following this Court's Orders that Miller not file any documents unless authorized by this Court (Dkts. 186, 208, 218), Miller initiated two new lawsuits in other jurisdictions claiming that a judgment was entered against Apple in this Court. *See Miller v. Apple et al.*, 2:25-mc-00022-JNW ECF 1 (W.D. Wa., April 22, 2025); *Miller v. Apple et al.*, 1:25-cv-04576 ECF 1 (N.D. Ill., April 24, 2025). However, as discussed above, no such judgment has been entered against Apple in this Court or in any other, and Apple has not defaulted. Because Miller's frivolous complaints and litigation abuses continue undeterred, he should be deemed a vexatious litigant and a nationwide injunction should be issued that precludes Miller from filing suit against Apple and Mr. Singh in any jurisdiction without prior court approval.

### III.    LEGAL STANDARD

Courts possess two independent sources of legal authority for deeming a party a vexatious litigant and imposing a filing injunction. First, the All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of

---

[1] On May 2, 2025, the Court ordered Miller to show cause why a District-wide injunction should not be issued. Dkt. 266. As discussed in greater detail below, a District-wide injunction will not deter Miller—especially because, in recent weeks, he has simply initiated new lawsuits in other jurisdictions across the country against Apple making the same meritless allegations.

law." 28 U.S.C. § 1651(a). Second Circuit precedent establishes a district court's authority under the Act to enter a filing injunction against a vexatious litigant. *See, e.g.*, *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam) ("The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute.").

Second, the inherent judicial authority of the Court provides separate authority for a filing injunction. *See Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threats of onerous, multiplicitous, and baseless litigation."). Notably, the Second Circuit has held that "the traditional standards for injunctive relief, *i.e.*, irreparable injury and adequate remedy at law, do not apply to the issuance of [such] an injunction." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).

In *Safir v. United States Lines*, the Second Circuit set out the following factors that must be considered in restricting a litigant's future access to the courts, including through a nationwide injunction:

> (1) The litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the court and other parties.

*See* 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

In applying these factors, courts in this Circuit have entered nationwide anti-filing injunctions against vexatious litigants like Miller. In *Martin-Trigona*, 737 F.2d at 1254, the

7

Second Circuit upheld an injunction with nationwide scope barring a litigant from "bringing … new actions," which was "necessary and proper" because the litigant had filed frivolous cases in multiple courts, including against federal judges and officials.  The Second Circuit explained, "[t]he district court is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system."  Similarly, the Second Circuit upheld a similar injunction in *Vasile v. Dean Witter Reynolds*, 205 F.3d 1327 (2d Cir. 2000), where the district court enjoined a vexatious litigant from filing new suits "in any court, forum, tribunal, self-regulatory organization, or agency." *Id*.  Given the litigant's persistent pattern of "resorting to litigation to harass anyone who has encountered him in litigation," the court held that "federal courts may protect those individuals from further harassment by means of an injunction." *Id*.  And a broad injunction against filing in any court is warranted where, as in these cases and here, the litigant "continues to file frivolous actions in various courts and other forums." *Id*.  "[O]nce a pattern of frivolous or harassing litigation has emerged, a district court need not wait until a vexatious litigant 'inundates' each court with 'meritless actions to condition access to that court upon a demonstration of good faith.'" *Malcolm v. Board of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2010) (enjoining plaintiff "from commencing any further *pro se* actions in federal court against the [defendants] without prior leave of court").

### IV.   ARGUMENT

All five *Safir* factors support deeming Miller a vexatious litigant and issuing a nationwide injunction enjoining him (and his company, AppProved Software) from filing any civil actions against Apple, and its respective employees, directors, officers, attorneys, or partners, including former Apple employee Mr. Singh, in any court without leave of court.

8

A.    **Factor 1: Miller's Vexatious and Harassing Lawsuits Filed Before and After this Action Necessitate a Nationwide Filing Injunction**

As to the first factor, as shown above, and as this Court recognized in its Report and Recommendation, Miller has a long history of frivolous lawsuits against Apple, Mr. Singh, and an expanding group of federal and state judges, and government officials. Each of these lawsuits was dismissed. *See* above at II.A.1 and II.A.2. Undeterred by the rulings against him, and multiple court orders prohibiting Miller's harassment (including a "no call" order in the South Carolina Action as a result of Miller's abusive conduct towards court staff), Miller has shifted his approach to filing duplicative complaints across multiple courts, including this Court, as well as courts in Washington and Illinois (which Miller initiated only after Judge Tarnofsky issued her Report and Recommendation in this case). Most recently, Judge Cronan noted that "the Court has issued two Orders noting the drain of judicial resources which Plaintiff's numerous daily filings have caused and directing Plaintiff to 'refrain from making additional filings in this case *until the Court rules on any objections to Judge Tarnofsky's Report and Recommendation on Defendant's motion to dismiss*.'" Dkt. 208 (emphasis added); *see also* Dkt. 218 (repeating this directive); Dkt. 241. Nevertheless, "Plaintiff has continued to make filings in this matter, seemingly undeterred by the Court's directives regarding the appropriate time at which such filings can be made and the consequences that can entail from violations of a court order." *Id.*

This factor weighs in support of vexatious litigant status and a nationwide injunction.

B.    **Factors 2 and 3: Miller's Improper Motives in Bringing These Lawsuits and his Abuses of his *Pro Se* Status Prove that he is a Vexatious Litigant**

Next, Miller has no legitimate motive in pursuing this litigation, which has no basis in law or fact. For example, Miller has repeatedly threatened "default" and sought a "default judgment" and called for the enforcement of Apple's default in prior cases—despite no such orders existing. Multiple courts have explained to Miller that there are no grounds for a default

9

judgment against Apple; Miller has ignored these Court rulings. Miller has also demanded huge windfalls (in the "billions" or "trillions" of dollars ranges), despite no support for such requests. As courts have recognized, such suits "for [the plaintiff's] own personal financial gain" support a finding that Miller pursues this litigation in bad faith. *In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014).

As to the third factor, while Miller is appearing *pro se* in this action, and is unrepresented by counsel, this factor also weighs in favor of entering the requested injunction. "Although *pro se* parties are generally entitled to extra consideration and leniency from the courts, this leniency does not extend without limits, and restrictions may be placed on *pro se* parties that engage in duplicative, harassing or vexatious litigation." *Tibbetts v. Stempel*, 2005 WL 2146079, at *7 (D. Conn. Aug. 31, 2005). Indeed, "the Second Circuit has noted that the 'special solicitude [that a *pro se* plaintiff] must face does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.'" *Sathianathan v. Smith Barney*, 2006 WL 538152, at *34 (S.D.N.Y. Feb. 24, 2006) (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). A member of the bar is bound by both Rule 11 and his or her ethical rules of professional responsibility that do not constrain Miller here.

These factors likewise weigh in favor of Apple's request for a nationwide injunction.

## C. Factor 4: Despite Repeated Warnings, Miller Continues to Target Apple, Mr. Singh, and the Judicial System

Miller has also caused needless expense to Apple and Mr. Singh, who have had to respond to each of Miller's lawsuits in multiple state and federal courts. *See Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 715 (2d Cir. 2019) (concluding defendants had incurred significant expense when they were "forc[ed] to defend themselves" against "meritless claims in

10

four courts"); *Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) ("We also note that plaintiff appeared *pro se* below, while … defendants each incurred the expense of being represented by counsel"). Miller has also burdened the federal and state judiciary, which has had to respond to hundreds of meritless filings—which this Court already held has "resulted in considerable expenditure of court resources to sort through the numerous, often repetitive, submissions he has made." Dkt. 186. Miller has continued this conduct unabated, even after multiple orders from this Court. And this conduct is not new to this action. Miller engaged in this same conduct in each of his prior lawsuits, including the South Carolina Action where Miller likewise filed more than a hundred unauthorized filings. There too, the Court informed Miller that his "excessive telephone calls" and conduct "hinder[ed] the ability of the Clerk's Office personnel to accomplish their assigned tasks and duties" and that Miller's continued conduct was an "unacceptable burden on the Office of the Clerk of the Court." ECF 180, 212. Despite such warnings, Miller's behavior continues. As discussed above, just recently, Miller has initiated similarly frivolous actions against Apple in Washington and Illinois.

Miller's conduct has gone beyond burdening the court system and Apple with frivolous filings; it has directly targeted the judiciary. This pattern of misconduct has included seeking recusal and disqualification of the judges who have ruled against him, seeking to initiate disciplinary and criminal investigations into various courts, and attempting to name judges and lawyers personally as defendants in each of his lawsuits. This Court has "the power and obligation to protect the public and the efficient administration of justice" from such "harassment" and "unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam). Miller has demonstrated that the only

way to do that is to enjoin him from filing any future suits against Apple and Mr. Singh in any court nationwide.

### D. Factor 5: A Nationwide Injunction Is the Only Way to Stop Miller's Vexatious Conduct

Finally, as to the fifth and final factor—the adequacy of other sanctions—a nationwide injunction prohibiting Miller from filing any civil action in any court is necessary because no other sanction will adequately protect Apple, Mr. Singh, and the judicial system. As the Second Circuit has explained in affirming a nationwide injunction, this Court "need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith." *Martin-Trigona*, 737 F.2d at 1262. Here, a more limited injunction to the Southern District of New York would not fully protect Apple or the federal judicial system, as Miller has proceeded from court to court in jurisdictions across the country filing lawsuits, even as this current matter is pending. Given Miller's track record of litigation, a nationwide injunction is necessary to ensure Miller does not move on to the next judicial district absent a Court order preventing him from doing so. Given his "practice of filing duplicative and vexatious lawsuits in different district courts throughout the federal system," "an injunction which extends to all federal district courts is appropriate." *Sassower*, 833 F. Supp. at 270.[2]

### V. CONCLUSION

For these reasons, Apple respectfully requests that this Court declare Plaintiff Miller a vexatious litigant and issue a nationwide injunction enjoining Miller (and his company,

---

[2] Nor would monetary sanctions suffice here. Miller was repeatedly warned in the South Carolina Action that should his improper conduct continue, it could result in sanctions, including fines, and has failed to cease his inappropriate conduct. *See Eliahu*, 919 F.3d at 715-716 (affirming injunction where "the record demonstrates that monetary sanctions are unlikely to dissuade [the vexatious litigant] from continuing their litigation campaign"). Since then, he has initiated six more lawsuits, filing close to a thousand filings, based on the same meritless contentions.

AppProved Software) from filing any civil actions against Apple, and its respective employees, directors, officers, attorneys, or partners, including former Apple employee Mr. Sunil Singh, in any court without first obtaining leave of court.

Dated: New York, New York  
May 8, 2025

DAVIS WRIGHT TREMAINE LLP

By: _____  
John M. Magliery  
Sharon A. Joseph  
1251 Avenue of the Americas, 21st Floor  
New York, NY 10020-1104  
johnmagliery@dwt.com  
sharonjoseph@dwt.com  
Tel: 212.489.8230

-and-

Adrian Vallens (*pro hac vice*)  
350 S. Grand Ave, 27th Floor  
Los Angeles, CA 90071  
adrianvallens@dwt.com  
Tel. 213.633.6800  
adrianvallens@dwt.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS

I hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c R) is 3,726 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 8, 2025

John M. Magliery