UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JOHN WILLIAMS MILLER,                                             :
                                                                  :
                                Plaintiff,                        :
                                                                  :
                    -v-                                           :          25 Civ. 1172 (JPC) (RFT)
                                                                  :
APPLE, INC.,                                                      :          OPINION AND ORDER
                                                                  :
                                Defendant.                        :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    The gates of a federal courthouse are open to everyone from our nation's mightiest corporations to *pro se* litigants seeking to vindicate their rights. To each party the federal courts offer a simple promise that is at the core of our judicial process: They will be heard, and justice will be done. This system can remedy extraordinary wrongs. But the right of judicial access is not costless. For the Holmesian bad man, the openness of our courts invites abuse. In such a case, litigation can devolve into frivolity and vexatious conduct. That is the situation here.

    On February 10, 2025, Plaintiff John Williams Miller, proceeding *pro se*, brought the instant action against Defendant Apple, Inc. ("Apple"), alleging copyright infringement. Dkt. 1. Plaintiff filed his operative Amended Complaint on February 11, 2025. Dkt. 3. During the four months since, Plaintiff has riddled the docket of this case with hundreds of filings. Among Plaintiff's submissions are accusations of judicial misconduct by the undersigned and the assigned magistrate judge, *see, e.g.*, Dkts. 153, 223, claims that Plaintiff is the target of a nationwide conspiracy involving a number of federal and state judges, *see, e.g.*, Dkts. 169, 237, and assertions that Apple owes him $1.5 trillion as the result of a non-existent default judgment in this case, *see, e.g.*, Dkts. 100, 150. Plaintiff has even purported to claim the Court's authority for himself and

direct the Clerk of Court and United States Marshals Service to take various actions.  *See, e.g.*, Dkts. 243, 288.  Plaintiff's frivolous filings have landed in courts throughout the country.  For instance, he has filed a separate action in the United States District Court for the Western District of Washington, *Miller v. Apple Inc.*, No. 25 Misc. 22 (JNW) (W.D. Wash.), in which he has applied for a writ of execution and falsely represented that this Court has certified a default judgment against Apple in this action.

The Court has no need to canvass all of Plaintiff's filings to dispose of this case.  Rather, this Opinion and Order, which dismisses this action for lack of personal jurisdiction and restricts Plaintiff's ability to make further filings in this matter, builds from three prior decisions in this case.  The Court addresses each in turn.

## I.  Background[1]

Plaintiff has sued Apple in multiple federal and state courts.  So far as the Court can tell, Plaintiff's initial lawsuit against Apple was brought in the United States District Court for the District of South Carolina in 2020.  *See Miller v. Apple, Inc.*, No. 20 Civ. 844 (TMC) (D.S.C.).  That action was resolved in Apple's favor after the Honorable Timothy M. Cain adopted a magistrate judge's Report and Recommendation and granted Apple's motion for summary judgment.  *See Miller v. Apple, Inc.*, No. 20 Civ. 844 (TMC), 2022 WL 4546029 (D.S.C. Sept. 29, 2022).  The Fourth Circuit affirmed Judge Cain's decision in an unpublished *per curiam* decision, *see Miller v. Apple, Inc.*, No. 22-2055, 2023 WL 4181279 (4th Cir. June 26, 2023), and denied Plaintiff's subsequent petition for a writ of mandamus, *see In re Miller*, No. 23-1728, 2023 WL 5275923 (4th Cir. Aug. 16, 2023).  After Plaintiff apparently continued to file motions for relief in the district court following the Fourth Circuit's decisions and persisted in calling the District of

---

[1] This section recounts only the background and procedural history of this case necessary to understand the disposition of the present action.

South Carolina's Office of Clerk of Court, Judge Cain directed the Clerk of Court to docket no further submissions in the case and enjoined Plaintiff from making telephone contact with representatives of that court. *See Miller v. Apple, Inc.*, No. 20 Civ. 844 (TMC) (D.S.C. Aug. 22, 2023), Dkt. 212.

After receiving these unfavorable rulings, Plaintiff brought a new case against Apple in the United States District Court for the District of Massachusetts. *See Miller v. Sing*, No. 24 Civ. 11325 (ADB) (D. Mass.). The Honorable Allison D. Burroughs dismissed the case for failure to state a claim and subsequently denied Plaintiff's motion for reconsideration. *See id.*, Dkts. 73, 81. After Plaintiff continued filing motions in that case after it was closed, Judge Burroughs advised him that "any further motions or pleadings filed on this docket (other than a notice of appeal) will be dismissed for lack of jurisdiction." *Id.*, Dkt. 91. Around the same time that Plaintiff initiated his action in the District of Massachusetts, Plaintiff sued Apple in the Superior Court for Suffolk County, Massachusetts, *see Miller v. Apple, Inc.*, Case No. 2484CV03046 (Suffolk Cnty. Super. Ct.), which was dismissed for lack of jurisdiction. Plaintiff brought a separate suit in the Superior Court for Middlesex County, Massachusetts, *see Miller v. Apple, Inc.*, Case No. 2481CV03263 (Middlesex Cnty. Super. Ct.), which was also later dismissed.

On February 10, 2025, Plaintiff initiated this action. The Amended Complaint states that Plaintiff chose to sue Apple in this District because he had "encountered judicial bias and corporate favoritism" in other jurisdictions. Dkt. 3 at 17. On February 19, 2025, the Court referred this case to the Honorable Robyn F. Tarnofsky for general pretrial supervision and to issue a report and recommendation on any dispositive motion. Plaintiff moved for Judge Tarnofsky's recusal on March 12, 2025, Dkt. 33, and Judge Tarnofsky denied that motion on March 19, 2025, Dkt. 48.

Apple timely moved to dismiss this action on March 18, 2025. Dkts. 37-38; *see* Dkt. 49 (order explaining that "Defendant was required to respond to the complaint by March 18, 2025").

The next day, Plaintiff began insisting that Apple had defaulted and that he was owed $1.5 trillion as a result.  *See, e.g.*, Dkts. 47, 54.  Plaintiff then filed several motions to strike Apple's motion to dismiss, moved for a default judgment against Apple, and moved to disqualify Apple's counsel. *See, e.g.*, Dkts. 40, 46, 62.  Judge Tarnofsky addressed these motions in orders issued on March 21, 2025 and April 7, 2025.  *See* Dkts. 69 (explaining that there was no basis for a default judgment), 138 (denying the motion to disqualify), 139 (denying the motion to strike).

On March 23, 2025, Plaintiff filed a document styled as a "Supplemental Complaint," naming various judges from his prior federal lawsuits as Defendants.  Dkt. 82.  On March 27, 2025, Plaintiff filed a document entitled "Notice of Supplemental Complaint Addendum," which purported to add the judge presiding over Plaintiff's Middlesex County case, Judge Tarnofsky, and an Assistant United States Attorney as additional defendants.  Dkt. 84.  The same day, Plaintiff filed a motion to recuse the undersigned on the basis that the undersigned was affiliated with Judge Tarnofsky.  Dkt. 85.  On April 1, 2025, Plaintiff filed a "notice" stating that the undersigned was "now a named Defendant in this action."  Dkt. 101.  Plaintiff also filed another motion to disqualify the undersigned on this basis.  Dkt. 102.  The undersigned denied Plaintiff's recusal motions the same day.  Dkt. 105.  Plaintiff responded to that Order by making a number of filings claiming that the undersigned's recusal was mandatory under 28 U.S.C. § 455(b) as a named defendant in this action.  *See, e.g.*, Dkts. 106-107.  Plaintiff then filed another notice indicating that Judge Tarnofsky was disqualified for the same reason.  Dkt. 113.

## II.  Motions to Amend and Recuse

On April 7, 2025, Judge Tarnofsky issued a Report and Recommendation addressing several of Plaintiff's motions and filings, including his various attempts to add new defendants to this action.  Dkt. 140 ("MTA R&R").  Interpreting Plaintiff's filings liberally in light of his *pro se*

4

status,[2] Judge Tarnofsky construed Plaintiff's "Supplemental Complaint," "Notice of Supplemental Complaint Addendum," notice that the undersigned was named as a defendant, and notice that Judge Tarnofsky was statutorily disqualified as a motion to amend the operative Amended Complaint and a renewed motion for her recusal or disqualification.  *Id.* at 1.

Judge Tarnofsky explained that Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff "may amend [his] pleading once as a matter of course," and that once that amendment of right has been made, an amendment may only occur "with the opposing party's written consent or the court's leave."  *Id.* at 5; *see* Fed. R. Civ. P. 15(a)(1), (a)(2).  Judge Tarnofsky observed that Plaintiff had already amended his complaint once when he filed the operative Amended Complaint.  MTA R&R at 6.  Therefore, under Federal Rule of Civil Procedure 15(a)(2), any additional amendment would require written consent from Apple or leave from the Court.  As Apple had not consented to further amendment, Judge Tarnofsky considered whether the Court should grant leave to amend.  *Id.*  She principally concluded that leave to amend should not be granted because the individuals Plaintiff sought to add as defendants—all of whom are either judicial officers or a federal prosecutor—were subject to judicial and prosecutorial immunity and therefore amendment would be futile because Plaintiff's proposed claims could not withstand a motion to dismiss.  *Id.* at 6-9.

Judge Tarnofsky also denied the renewed motion for her own disqualification and recusal for the same reasons expressed in the undersigned's April 1, 2025 Order.  *Id.* at 6.  The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and

---

[2] The Court is obliged to construe *pro se* filings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); *accord Rahmankulov v. United States*, Nos. 23 Civ. 3206 (RA), 20 Cr. 653 (RA), 2023 WL 3303949, at *1 (S.D.N.Y. May 8, 2023), and does so here.

Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. *Id.* at 10.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Gagliardi v. Prager Metis CPAs LLC*, 738 F. Supp. 3d 469, 475 (S.D.N.Y. 2024). "[W]hen the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018). "Clear error is present when 'upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed.'" *Microbot Med., Inc. v. Mona*, 688 F. Supp. 3d 88, 94 (S.D.N.Y. 2023) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

Plaintiff's objections to Judge Tarnofsky's April 7, 2025 Report and Recommendation were due by April 21, 2025. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). Plaintiff made a slew of filings between April 7, 2025 and April 21, 2025, some of which address Judge Tarnofsky's Report and Recommendation, while others address other issues or grievances. In keeping with this Court's obligation to construe *pro se* filings liberally, the Court construes Plaintiff's submissions in Docket Numbers 141, 142, 147, 156, 162, and 204 as alternatively objections to

Judge Tarnofsky's April 7, 2025 Report and Recommendation,[3] a Local Civil Rule 6.3 motion to reconsider the Court's April 1, 2025 Order denying the motions for the undersigned's recusal, and a renewed motion for default judgment.

### A.    Objections to the April 7, 2025 Report and Recommendation

Broadly speaking, and generously construed, Plaintiff's objections advance five arguments, none of which engage with the substance of Judge Tarnofsky's April 7, 2025 Report and Recommendation.

First, Plaintiff contends that Judge Tarnofsky could not issue a Report and Recommendation because, upon his filing of the Supplemental Complaint which named her as a defendant in this action, she was disqualified from this case pursuant to 28 U.S.C. § 455(b)(5)(i). *See, e.g.*, Dkt. 141 at 1; Dkt. 142 at 1; Dkt. 147 at 1; Dkt. 156 at 1; Dkt. 162 at 1; Dkt. 204 at 1. Section 455(b)(5)(i) provides that a judge shall disqualify himself or herself in any proceeding in which the judge or the judge's "spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s a party to the proceeding, or an officer, director, or trustee of a party."  28 U.S.C. § 455(b)(5)(i).

But Judge Tarnofsky is not a party in this case.  As Judge Tarnofsky's Report and Recommendation clearly explains, Plaintiff exercised his right to amend the complaint as a matter of course when he filed his Amended Complaint, Dkt. 3, which is the operative pleading.  Given the absence of Apple's written consent to further amendment, Plaintiff's subsequent attempts to add additional defendants to this action required him to move to further amend the Amended Complaint, in accordance with Rule 15(a)(2).  Although Plaintiff never formally moved to amend

---

[3] The Court notes that Local Civil Rule 7.1, which governs the form and length of submissions, does not contemplate a party making a multitude of filings in response to a single Report and Recommendation.  While the Court would be well within its discretion to disregard all but Plaintiff's first-filed document with objections, the Court will consider all of Plaintiff's filings made before the deadline in light of his *pro se* status.

the Amended Complaint, Judge Tarnofsky construed his various submissions as a motion to amend and subsequently recommended denying leave to amend on grounds of futility. *See* MTA R&R at 6-9. Plaintiff offers no argument that even attempts to grapple with Judge Tarnofsky's legal analysis regarding why any such amendments would be futile, and the Court likewise sees no error in her analysis. The Court thus adopts the recommendation that the motions to amend be denied.[4]

Therefore, the only defendant in this matter is Apple, as it was the only defendant named in the operative Amended Complaint. *See* Dkt. 3. So while Plaintiff gestures towards the language of 28 U.S.C. § 455(b)(5)(i) that a judge shall recuse where the judge is a party to the proceeding, that provision has no import here because Judge Tarnofsky is not a party to this case; for the same reason, the undersigned's recusal is likewise not required under Section 455(b)(5)(i). Plaintiff's first objection is therefore overruled.

Second, Plaintiff says that Judge Tarnofsky should be disqualified because of "her demonstrated bias, procedural obstruction, and improper judicial coordination with the Defendant." Dkt. 141 at 1. Plaintiff appears to argue for recusal on basis of Judge Tarnofsky's

---

[4] The adoption of Judge Tarnofsky's recommendation that the motions to amend the Amended Complaint to add herself and the undersigned as defendants be denied on futility grounds is sufficient to overcome Plaintiff's objection grounded in 28 U.S.C. § 455(b)(5)(i). The Court also notes that this argument would fail for two additional reasons. First, any motion to amend the Amended Complaint to add either Judge Tarnofsky or the undersigned as defendants would also be denied as a blatant attempt at judge-shopping. *Cf. Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to the case. That is arrant judge-shopping."). Second, even if Judge Tarnofsky was named a defendant in this action, she would not be mandated to recuse. While a judge is generally required to disqualify themselves when they are "a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), courts have held that, "[i]n order to guard against 'judge shopping,'" this rule is inapplicable where there is "no legitimate basis for suing the judge," *Tamburro v. City of E. Providence*, 981 F.2d 1245 (Table), 1992 WL 380019, at *1 (1st Cir. 1992) (quoting *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (Table)). Judges therefore do not interpret Section 455(b)(5)(i) in the literal terms that Plaintiff suggests and routinely deny motions for recusal brought in situations similar to this. *See Ezekwo v. OPMC (Off. of Pro. Misconduct) N.Y.*, No. 21 Civ. 1274 (LTS), 2021 WL 3146239, at *2-3 (S.D.N.Y. July 23, 2021); *Abdul-Hakim Bey v. Hylton*, No. 12 Civ. 5875 (PAE), 2013 WL 6642034, at *4 (S.D.N.Y. Dec. 16, 2013).

adverse decisions made during this case. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming a denial of recusal motion filed by the plaintiff where the judge had ruled against him on all his motions and where the plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988). Plaintiff's argument in favor of Judge Tarnofsky's disqualification or recusal is therefore unpersuasive, and his second objection is overruled.

Third, Plaintiff argues that his filing was not a motion to further amend the complaint under Rule 15(a), but rather a supplemental complaint governed under Rule 15(d). Dkt. 141 at 1. Accepting this premise as true, Plaintiff still has not named either Judge Tarnofsky or the

undersigned in the operative pleading. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court has not permitted Plaintiff to serve any supplemental pleading, and therefore his proposed Supplemental Complaint has no operative effect. And because "[t]he same standard for motions to amend under Rule 15(a) applies to motions to supplement under Rule 15(d)," any motion to supplement the Amended Complaint under Rule 15(d) would fail for the same reasons that Plaintiff's motions to amend fail. *Beckett v. Inc. Vill. of Freeport*, No. 11 Civ. 2163 (LDW) (AKT), 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014). Moreover, any motion to supplement under Rule 15(d) would be independently denied for the reason that the facts alleged in the proposed Supplemental Complaint, which largely concern Plaintiff's grievances with prior judicial decisions, do not connect the supplemental pleading to the original pleading, which alleges copyright infringement. Supplementation is therefore improper under Rule 15(d). *See Fair Hous. in Huntington Comm. v. Town of Huntington, N.Y.*, No. 02 Civ. 2787 (DRH) (WDW), 2010 WL 4791787, at *9 (E.D.N.Y. Nov. 18, 2010). Plaintiff's third objection is overruled.

Fourth, Plaintiff claims that Judge Tarnofsky could not take any further action in this case because Apple is in default. Dkt. 141 at 2. That is not correct. The docket reflects that Apple was served with a copy of the Summons on February 24, 2025 and a copy of the Complaint on February 25, 2025, and therefore under Rule 12(a)(1)(A)(i) its deadline to respond to the Complaint was March 18, 2025. *See* Dkts. 21, 22; Fed. R. Civ. P. 12(a)(1)(A)(i). On that date, Apple timely filed a motion to dismiss under Rules 12(b)(2) and 12(b)(6). *See* Dkt. 37; *see also* Dkt. 69 (order explaining why there was no basis for a default judgment). Therefore, Apple's deadline to file a responsive pleading was tolled under Rule 12(a)(4). *See* Fed. R. Civ. P. 12(a)(4).

Thus, contrary to Plaintiff's repeated assertions, both to this Court and others, Apple was never in default in this case and no default judgment was ever entered. The Clerk of Court has never entered a Certificate of Default. Plaintiff never followed the procedures to obtain a default judgment under Local Civil Rule 55.2, nor has the Clerk of Court issued a final default judgment. Any suggestion by Plaintiff to the contrary belies reality.

Plaintiff's filings repeatedly point to Docket Numbers 44 and 45 when contending that Apple defaulted. Those docket entries are simply affidavits filed by Plaintiff himself which aver that Apple defaulted. When contending that he has received a certified default judgment in this action, Plaintiff often points to copies of Docket Numbers 44 and 45 which are stamped by the Clerk of Court "CERTIFIED AS A TRUE COPY." *See, e.g.*, Dkt. 199; *Miller v. Apple Inc.*, No. 25 Misc. 22 (JNW) (W.D. Wash.), Dkt. 1 at 3-7. That notation simply indicates that the Clerk of Court has certified that the document itself is a true copy of what exists on the docket in this case— it is not a certification of the representations that Plaintiff made in those documents, nor do these documents even remotely resemble a true certificate of default issued by this Court. This is apparent by the ECF-stamped header located on each of the documents, indicating that they are the documents filed at those docket entries in this case. Plaintiff is also well-aware of this fact, having relied on similar documents when seeking the enforcement of a separate supposed default judgment in Massachusetts state court and having had it explained to him that such documents do not constitute a certified default judgment. *See* Dkt. 180 at 19 (quoting the state court's decision that "neither of the documents on which [Plaintiff] relies are, in fact, default judgments" and that "[Plaintiff] is suing to enforcement a judgment that does not exist"). Plaintiff's fourth objection relies on a false and fanciful premise and is overruled.

Fifth, Plaintiff argues that Judge Tarnofsky cannot oversee this case because he has requested a jury trial. *See, e.g.*, Dkt. 142 at 1. Plaintiff has confused the rule governing a

magistrate judge's authority to conduct a trial, *see* Fed. R. Civ. P. 73, with that governing a magistrate judge's authority to determine non-dispositive pretrial matters and to make recommendations as to dispositive motions, *see* Fed. R. Civ. P. 72.  To be sure, Judge Tarnofsky has authority to oversee pretrial matters and to make the recommendations contained in the April 7, 2025 Report and Recommendation.  *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636; Dkt. 6 (order of reference to Judge Tarnofsky).  Plaintiff's fifth and final objection therefore fails and is overruled.

The Court has also conducted a *de novo* review of the aspects of the Report and Recommendation to which Plaintiff did not object and finds Judge Tarnofsky's explanations to be well-reasoned and her conclusions well-founded.  The Court accordingly adopts the April 7, 2025 Report and Recommendation in its entirety.

### B.    Motion to Reconsider and Renewed Motion to Recuse

Plaintiff's filings also suggest that the undersigned should recuse or be disqualified under 28 U.S.C. § 455(b)(5)(i).  *See, e.g.*, Dkt. 106; Dkt. 107; Dkt. 141 at 1.  The Court construes these alternatively as a motion for reconsideration of the Court's April 1, 2025 Order, Dkt. 105, under Local Civil Rule 6.3 and a renewed motion for recusal.  Both motions are denied.  As the Court has just explained, neither Judge Tarnofsky nor the undersigned is named as a defendant in the operative pleading in this case and Plaintiff's motions to add the presiding judges as parties to the matter have been denied.  Plaintiff has not set forth any facts that would cause a reasonable person to find that the undersigned's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or that raise a legitimate question of whether the undersigned has personal bias, prejudice, or an interest in the action, *id.* § 455(b).  As also explained above, even if the undersigned were named as a defendant in this matter, recusal is not mandated because Plaintiff has offered no legitimate basis for such a suit.  *See supra* at n.4.

12

### C.    Motion for Default Judgment

Plaintiff has moved for a default judgment against Apple and has made a litany of filings so referencing a purported default judgment. The Court construes these as further motions for default judgment. Those motions are denied for the reasons stated above.

The Court is additionally unpersuaded by Plaintiff's argument that Apple's motion to dismiss was ineffective because its counsel filed a notice of appearance on March 19, 2025, one day after they filed the motion to dismiss. *See* Dkts. 52, 53. According to the filing receipt information on ECF, Apple filed its motion to dismiss, Dkt. 37, at 9:57 p.m. EST on March 18, 2025, and its attorneys filed their notices of appearance, Dkts. 52, 53, about twenty hours later at 5:12 p.m. EST and 6:15 p.m. EST on March 19, 2025. Local Civil Rule 1.4(a) provides that "[e]xcept as otherwise set forth in this rule, each attorney appearing on behalf of a party must file a notice of appearance promptly on or before the attorney's first appearance in court or filing in the case."

The Court considers counsels' notices of appearance, which were filed the day after their first filing in the case, to satisfy Local Civil Rule 1.4(a)'s requirement that such a notice must be filed "promptly on" the attorney's first filing in the case, and the Court accepts both the notices of appearance and the motion to dismiss as timely filed. While a slight delay is not the ideal practice, in the Court's experience attorneys in this District occasionally delay in filing a notice of appearance in matters and Apple's attorneys' filing of their notices of appearance about twenty hours after the filing of Apple's motion to dismiss is not so dilatory to warrant disregard of that motion. Plaintiff has provided no argument or other reason to believe that Plaintiff's attorneys were not authorized to file the motion on Apple's behalf, and therefore the motion is proper and effective.

Additionally, as Judge Tarnofsky's March 21, 2025 Order explained, Plaintiff has offered

no authority in support of the contention that filing a notice of appearance one day after the motion to dismiss constitutes a basis for finding Apple in default, nor would any such rule comport with this Circuit's strong preference for resolving disputes on the merits. Dkt. 69 at 1-2 (citing *Baxter v. Bradley*, No. 21-1787, 2022 WL 1315629, at *1 (2d Cir. May 3, 2022)); *see, e.g.*, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Ramus v. Bruwer*, No. 23 Civ. 1770 (JPC), 2024 WL 1139106, at *7 (S.D.N.Y. Mar. 15, 2024).

### D.    Additional Motions to Amend

The Court notes that Plaintiff filed two additional motions to amend the Amended Complaint on April 20, 2025, which were filed subsequent to, and thus are not contemplated by, Judge Tarnofsky's April 7, 2025 Report and Recommendation. *See* Dkts. 205, 207. These motions to amend are denied as futile. Plaintiff's motions seek to add as defendants various attorneys for Apple whom Plaintiff views as having acted inappropriately in the litigations he has pursued against the company. "[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). In a similar case where a *pro se* plaintiff sought to sue defense counsel for allegedly improper and conspiratorial behavior, the Second Circuit affirmed the district court's authority to dismiss such allegations *sua sponte* as frivolous because they "lack an arguable basis in law or fact." *Houston v. Manheim-N.Y.*, 475 F. App'x 776, 779-80 (2d Cir. 2012). The Court would *sua sponte* dismiss Plaintiff's proposed claims against Apple's attorneys on this ground, and therefore amendment to permit the addition of those proposed defendants to this action would be futile.

### III.  Motion to Dismiss

Judge Tarnofsky issued a separate Report and Recommendation on April 16, 2025, which

14

recommended that the Court grant Apple's motion to dismiss and dismiss Plaintiff's operative Amended Complaint. Dkt. 180 ("MTD R&R"). Judge Tarnofsky concluded there exist two independent bases for dismissal. First, Judge Tarnofsky determined that Plaintiff's copyright claims are barred by the doctrine of *res judicata*. *See id.* at 12-17. Second, Judge Tarnofsky alternatively determined that Plaintiff has not adequately alleged personal jurisdiction over Apple. *See id.* at 17-18. Judge Tarnofsky also recommended that the undersigned deny any request to enforce a purported default judgment from Plaintiff's case in the District of South Carolina, on the grounds that no default judgment was entered in that case. *Id.* at 18-21. Judge Tarnofsky further recommended that Plaintiff not be granted *sua sponte* leave to amend on futility grounds. *Id.* at 21-22.

Like Judge Tarnofsky's April 7, 2025 Report and Recommendation, this Report and Recommendation cited both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. MTD R&R at 23. To distinguish any objections to this Report and Recommendation from Plaintiff's slew of other filings, the undersigned ordered Plaintiff to submit any objections in one document clearly entitled "Objections to Report and Recommendation." Dkt. 186.

The legal standards governing the adoption of a Report and Recommendation are recited at *supra* II. Although Plaintiff made a litany of filings after Judge Tarnofsky's Report and Recommendation was filed, Plaintiff did not submit any document entitled "Objections to Report and Recommendation" by his April 30, 2025 deadline to do so. *See* Dkts. 181-263. Nor has Plaintiff filed any such document since that deadline. *See* Dkts. 264-328. Plaintiff has accordingly failed to timely file any objections to the April 16, 2025 Report and Recommendation, thus

waiving his right to object or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300

(2d Cir. 1992); *see also Manley v. N.Y.C. Police Dep't*, No. 05 Civ. 679 (FB), 2005 WL 2664220,

at *1 (E.D.N.Y. Oct. 19, 2005) ("[T]he fact that a litigant is proceeding *pro se* does not exempt

that party from compliance with relevant rules of procedural and substantive law." (internal

quotation marks omitted)).

 Notwithstanding this waiver, the Court has reviewed each of Plaintiff's filings made before

the April 30 objection deadline, as well as all the filings made to the date of this Opinion and

Order.  Even accepting Plaintiff's timely filings as objections and construing those filings liberally

considering Plaintiff's *pro se* status, his objections are overruled.  Plaintiff's filings in large part

simply repeat the same objections he advanced to Judge Tarnofsky's April 7, 2025 Report and

Recommendation, which the Court has discussed and rejected above.  For example, Plaintiff

claims that Judge Tarnofsky lacked authority to issue her Report and Recommendation because

she was required to recuse herself as a named defendant in the action under 28 U.S.C.

§ 455(b)(5)(i) and because the ruling was retaliatory; that dismissal is procedurally inappropriate

because Apple is in default; that Judge Tarnofsky cannot enter a report and recommendation

because there is a jury demand in the case; and that the motion to dismiss was filed without counsel

having filed a notice of appearance.  *See* Dkt. 182 at 1-2; Dkt. 185 at 1; Dkt. 204 at 1-2; Dkt. 205

at 1-2; Dkt. 211 at 1; Dkt. 215 at 1-2; Dkt. 244 at 1-2; Dkt. 254 at 1; Dkt. 255 at 1.  Each of these

objections fails for the reasons set forth at *supra* II.A and II.C.

 Plaintiff makes only a few attempts at new objections to Judge Tarnofsky's April 16, 2025

Report and Recommendation.  First, Plaintiff claims that he has received a default judgment in

both the Middlesex County and South Carolina actions.  Dkt. 182 at 1.  A review of the dockets

for those cases reflects that each was resolved adversely to Plaintiff, and that Judge Tarnofsky was

therefore correct in stating that Plaintiff has not obtained a judgment in his favor.  This objection

is therefore overruled.

Second, Plaintiff claims that the summary judgment decision entered in the District of South Carolina was "void," maintaining that the Greenville Division of that District "lack[ed] jurisdiction." *Id.* Plaintiff raised this same argument in opposition to the motion to dismiss and so the Court reviews Judge Tarnofsky's analysis on this point, *see* MTD R&R at 14-15, for clear error. *See Fischer*, 286 F. Supp. 3d at 601. The Court sees no error, let alone clear error, in Judge Tarnofsky's rejection of this argument. Plaintiff elected to bring suit against Apple in the District of South Carolina, and therefore that district had personal jurisdiction over him. *See Prose Shipping Ltd. v. Intgr8 Fuels Inc.*, No. 21 Civ. 341 (VSB), 2022 WL 280456, at *2 (S.D.N.Y. Jan. 31, 2022) (collecting cases). Plaintiff points to no authority for the proposition that an intra-district transfer somehow defeats the District of South Carolina's jurisdiction over him. Plaintiff's second objection is therefore overruled.

At no point in any of Plaintiff's filings does he attempt to contend with Judge Tarnofsky's reasoning regarding the application of claim preclusion or the lack of sufficient allegations of personal jurisdiction in this matter. Notwithstanding the waiver resulting from Plaintiff's failure to file a document conforming with the parameters set by the Court for any objections to the Report and Recommendation, the Court has conducted a *de novo* review of Judge Tarnofsky's April 16, 2025 Report and Recommendation and finds her reasoning well-supported. Because Apple has challenged this Court's personal jurisdiction over it, the Court begins and ends there. *See Sec. & Exch. Comm'n v. Stubos*, 634 F. Supp. 3d 174, 186 (S.D.N.Y. 2022) ("'A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question' and must dismiss the action against any defendant over whom it lacks personal jurisdiction." (quoting *Lugones v. Pete & Gerry's Organic, LLC*, 440 F.Supp.3d 226, 234 (S.D.N.Y. 2020))). As Judge Tarnofsky concluded, Plaintiff has failed to adequately allege a basis

for this Court to exercise personal jurisdiction over Apple, either based on general personal jurisdiction or specific personal jurisdiction. MTD R&R at 17-18. Apple's motion is therefore granted, and this action is dismissed without prejudice. *See Seaweed, Inc. v. DMA Prod. & Design Mktg. LLC*, 219 F. Supp. 2d 551, 554 (S.D.N.Y. 2002) (dismissing certain claims for lack of personal jurisdiction and noting that "[a] dismissal for lack of jurisdiction does not operate on the merits and therefore should not issue with prejudice").[5]

## IV. Filing Injunction

Finally, the Court turns to the issue of Plaintiff's abusive filing practices.

### A.    The Court's Limited Filing Injunction

On May 2, 2025, the Court ordered Plaintiff to show cause why the Clerk of Court should not be instructed not to accept or docket further filings from Plaintiff in this matter absent leave of court. Dkt. 266. The Court's order to show cause followed a gradual approach of warning Plaintiff against making additional frivolous and vexatious filings in this matter. *See id.* (outlining the history of orders and filings leading to the order to show cause); *see also* Dkts. 186, 208, 218, 241.

"[A] district court may impose, *sua sponte*, an injunction on a party who abuses the judicial process," but a district court aiming to restrict a party's ability to make further filings in a case must first give that party "notice and an opportunity to respond." *Moates v. Rademacher*, 86 F.3d 13, 15 (2d Cir. 1996); *see also In re Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (explaining that the All Writs Act, 28 U.S.C. § 1651(a), "grant[s] the district court power [s]ua sponte to enjoin further filings in support of frivolous and vexatious claims. But in such cases the

---

[5] The Court also notes that it fully agrees with Judge Tarnofsky's alternative *res judicata* analysis. *See* MTD R&R at 12-17. Both the South Carolina action and this action involve the same parties, Judge Cain rendered a final adjudication on the merits, and Plaintiff's claims in this case were or could have been raised in the South Carolina action. Indeed, Plaintiff repeatedly argued in the South Carolina action that Apple had stolen his intellectual property. Thus, even if Plaintiff were somehow able to cure his deficient personal jurisdiction allegations, leave to amend would be denied given the futility of his claims on their merits.

district court must assume the burden, normally borne by a moving party, to notify the party to be enjoined and to invite a response").  "The procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order."  *Viola v. United States*, 307 F. App'x 539, 539 (2d Cir. 2009).

The Court notified Plaintiff that future frivolous filings might result in sanctions, and specifically informed Plaintiff in its last warning that his actions risked a limited filing injunction. *See* Dkts. 186, 208, 218, 241.  After these warnings failed to alter Plaintiff's behavior, the Court issued an order to show cause why a filing injunction should not be imposed, and granted Plaintiff one week to file a response, indicating that such a response "must be clearly entitled 'Response to Order to Show Cause,' and may not exceed fifteen pages in length."  Dkt. 266 at 2.  Plaintiff did not file any submission by the May 9, 2025 deadline entitled "Response to Order to Show Cause."  On May 2, 2025, the same date as the Order to Show Cause, Plaintiff did file a document somewhat similarly entitled, "Constitutional Response to Void Order to Show Cause by Disqualified Judge John P. Cronan and Renewed Demand for Apology," Dkt. 273 ("OSC Response"), which the Court will accept as Plaintiff's response to the May 2, 2025 Order to Show Cause.

Plaintiff's response, which the Court generously construes in light of his *pro se* status, is unavailing.  Plaintiff first argues that the May 2, 2025 Order to Show Cause is void because the undersigned is statutorily disqualified under 28 U.S.C. § 455(b)(5)(i).  OSC Response at 1.  That argument fails for the reasons already addressed.  *See supra* II.A.

Next, Plaintiff argues that the Court's contemplated order would "suppress protected First Amendment filings."  OSC Response at 2.  But "the Second Circuit [has] recognized the authority

of federal district courts to impose filing injunctions against vexatious litigants such as plaintiff, and other circuit courts have rejected the contention that narrowly-tailored filing injunctions violate a vexatious litigant's First Amendment rights." *O'Diah v. Port Auth. of N.Y. & N.J.*, No. 05 Civ. 5297 (SJF) (LB), 2012 WL 113551, at *2 (E.D.N.Y. Jan. 11, 2012) (collecting cases). Simply put, "[a] vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings," and Plaintiff's contention to the contrary is unpersuasive. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002).

Plaintiff also contends that a filing injunction would "interfere with Plaintiff's ability to enforce a final default judgment," apparently the one that Plaintiff believes was entered in this case. OSC Response at 2. As explained at *supra* II.A, no default judgment was ever entered in this case and Apple was never in default, having timely filed a motion to dismiss.

Finally, Plaintiff argues that the Order to Show Cause constitutes "continuing judicial retaliation and willful obstruction of justice." *Id.* at 2. As already explained, the Court has warned Plaintiff on numerous occasions that continuing to make frivolous filings in direct contravention of court orders may result in sanctions, including the specific sanction contemplated here. Plaintiff has failed to show cause why sanctions are not appropriate given these circumstances.

The Court finds that, given the abusive nature of Plaintiff's filings and actions in this case, a limited filing injunction is appropriate. The Clerk of Court is ordered not to accept further filings or docket further submissions from Plaintiff in this matter absent leave of Court. The Court will permit Plaintiff to file, and the Clerk of Court to docket, a single motion for reconsideration and/or a notice of appeal from this Opinion and Order.

## B. Apple's Motion for a Nationwide Filing Injunction

After the Court issued its May 2, 2025 Order to Show Cause, Apple filed a motion requesting the Court deem Plaintiff a vexatious litigant and impose a nationwide filing injunction

enjoining Plaintiff and Plaintiff's company, AppProved Software, from filing any civil action against Apple and its respective employees, directors, officers, attorneys, or partners, including former Apple employee Sunil Singh, in any court without first obtaining leave of court.  Dkt. 278 ("Apple Motion") at 2-3; *see* Dkt. 277.  Plaintiff has made various submissions opposing Apple's motion on a number of grounds.  *See, e.g.*, Dkts. 281, 283, 284, 304.

Apple's motion recounts the procedural history noted above, *see supra* I, which largely reflects Plaintiff's campaign of frivolous litigation against the company.  *See* Apple Motion at 3-6.  Apple also correctly notes that, since this case was filed, Plaintiff has brought additional actions against Apple in the United States District Court for the Northern District of Illinois, the United States District Court for the Eastern District of Virginia, and the United States District Court for the Western District of Washington.  *See id.* at 6; Dkt. 302; *see also Miller v. Apple Inc.*, No. 25 Civ. 4576 (ARW) (N.D. Ill.); *Miller v. Apple Inc.*, No. 25 Misc. 3 (PTG) (WBP) (E.D. Va.); *Miller v. Apple Inc.*, No. 25 Misc. 22 (JNW) (W.D. Wash.).

A court may enjoin future filing based on vexatious litigation after considering the following factors established by the Second Circuit in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986):

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Miller v. Austin*, No. 20 Civ. 1958 (KMK), 2021 WL 1226770, at *6-7 (S.D.N.Y. Mar. 31, 2021) (quoting *Safir*, 792 F.2d at 24).  "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."  *Safir*, 792 F.2d at 24.

Although the Court imposes a limited filing restriction on Plaintiff in this matter, it declines to impose a nationwide filing injunction against Plaintiff based on the present circumstances. Taking the *Safir* factors in turn, the Court first considers Plaintiff's "history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits." *Id.* Apple is certainly correct that Plaintiff has developed a penchant for filing frivolous lawsuits against it. So far as this Court can tell, Plaintiff has now brought eight cases against Apple and/or a former Apple employee.

But the remedy Apple seeks is extreme and the breadth of the proposed injunction gives the Court pause. The authority which Apple relies on in support of a nationwide injunction involves litigants whose actions are far more problematic than Plaintiff's, at least on the present facts. In *In re Martin-Trigona*, *see* Apple Motion at 7-8, for example, the district court found a nationwide filing injunction necessary after the litigant was "known to have filed over 250 civil actions, appeals, and other matters throughout the United States, which have been pursued with 'persistence, viciousness, and general disregard for decency and logic.'" 737 F.2d 1254, 1259 (2d Cir. 1984). Likewise, *Vasile v. Dean Witter Reynolds, Inc.* concerned a party who had "commenced numerous proceedings in the state courts, district court, and [the Second Circuit]," and then "expanded his campaign to include a number of other government and non-government agencies." 205 F.2d 1327 (Table) (2d Cir. 2000). In affirming a nationwide filing injunction, the Second Circuit stated that the party had "been sanctioned in [the Second Circuit] and ordered to pay attorney's fees and costs in many of his actions," and "also ha[d] been enjoined from filing further actions and even incarcerated for contempt, yet he continue[d] to file frivolous actions in various courts and other forums." *Id.* A nationwide filing injunction is "strong medicine," and Plaintiff's misdeeds do not yet match these levels of litigation. *Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 520 (S.D.N.Y. 2023) (collecting cases and imposing a nationwide filing

injunction where the litigant "spent a near decade relitigating claims" and had brought a similar volume of frivolous cases as other nationally enjoined litigants). While some judges in this District have imposed nationwide filing injunctions in analogous circumstances, *see id.*, this Court does not view factor one as dispositive given Plaintiff's specific history.

Factor two asks "the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?" *Safir*, 792 F.2d at 24. Plaintiff's suits have uniformly failed, and several state and federal judges have informed him of their serious legal and factual defects. It cannot realistically be the case, for example, that Plaintiff can hold an objective good faith expectation of prevailing in his most recent round of litigation seeking enforcement of various purported default judgments. The courts adjudicating the cases in which Plaintiff claims default have uniformly informed him that such judgments do not exist. Factor two thus weighs against Plaintiff.

As to factor three, Plaintiff is proceeding *pro se*. Although *pro se* litigants are afforded additional latitude in terms of their filings, such liberality does not "excuse frivolous or vexatious filings by *pro se* litigants." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005).

Factor four concerns "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel." *Safir*, 792 F.2d at 24. Plaintiff's actions have undoubtedly caused an unnecessary burden on the courts and their personnel, as this Court and others have often reminded him. That said, it does not appear that most of Plaintiff's litigation has resulted in Apple expending resources to defend against his claims. Apple clearly defended the action in the District of South Carolina. But as of the date of this Opinion and Order, Apple has not made an appearance in the actions pending in the Northern District of Illinois, the Eastern District of Virginia, or the Western District of Washington.

Plaintiff's action in the District of Massachusetts was dismissed without Apple having appeared in that action.  Plaintiff's Suffolk County state court action similarly does not reflect Apple's appearance.  Although Apple did appear in the Middlesex County action, a review of that docket indicates that its involvement was relatively minimal.  In sum, Plaintiff's actions have resulted in some additional needless expense by Apple, but not an overwhelming amount.

The last factor considers "whether other sanctions would be adequate to protect the courts and other parties."  *Id.*  It is true that a court "need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith."  *Martin-Trigona*, 737 F.2d at 1262.  But lesser sanctions, including potential future monetary sanctions, district-specific injunctions, and action-specific injunctions, may yet deter Plaintiff from continuing to pursue his litigation.  In this action, for example, the interests of both the Court and Apple are served through the disposition of the matter and subsequent restriction on further filings.  Additionally, a warning to Plaintiff, like the Court expresses below, may yet have the desired effect on his behavior.

After weighing these factors, the Court declines to impose a nationwide filing injunction on Plaintiff at this time.  The Court sympathizes with Apple's predicament, and it may well be that, if Plaintiff continues his present course of action, another court could find that a nationwide filing injunction is appropriate.  But this Court cannot say that the drastic remedy of a nationwide filing injunction, rather than lesser sanctions, is the necessary approach now.

## WARNING

Although the Court today declines to enter a nationwide filing injunction, Plaintiff is advised that this decision may not be the last word.  If Plaintiff continues to pursue frivolous claims, a future court may well implement a more drastic restriction on his access to the judicial system.  **Plaintiff is warned that such an order may include enjoining Plaintiff from bringing**

**further lawsuits against this Defendant, imposing a leave-to-file restriction, or other sanctions.**  *See* 28 U.S.C. § 1651.

The Court also warns Plaintiff that "[i]t is well established that Rule 11 [of the Federal Rules of Civil Procedure] applies to *pro se* litigants." *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 n.9 (S.D.N.Y. 2005); *see also Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) ("[W]hile a district court can properly consider a plaintiff's *pro se* status in assessing sanctions, it cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*.").  The Court is aware that Plaintiff has repeatedly asserted in the Western District of Washington that a final default judgment was entered in his favor in this case.  *See, e.g.*, *Miller v. Apple Inc.*, No. 25 Misc. 22 (JNW) (W.D. Wash.), Dkt. 1. As this ruling emphasizes, no default judgment was ever entered in this matter and Apple was never in default.  Plaintiff would be well-advised to take his obligations under Rule 11 seriously or else risk future sanctions.

## V. Conclusion

For the aforementioned reasons, Judge Tarnofsky's Report and Recommendations dated April 7, 2025 and April 16, 2025 are adopted.  Defendant's motion to dismiss, Dkt. 37, is granted and this case is dismissed without prejudice for lack of personal jurisdiction.  Leave to amend or supplement the Amended Complaint is denied.  All other pending motions are denied as moot. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant Apple, Inc., and to close this case.

The Clerk of Court is respectfully ordered not to accept or docket any further filings from Plaintiff in this matter absent leave of Court.  Leave of Court shall be considered denied if the Court does not indicate to the contrary within five business days of any proposed filing.  As exceptions to this directive, the Clerk of Court may docket (1) a single document from Plaintiff

clearly entitled "Motion for Reconsideration Under Local Civil Rule 6.3," in which Plaintiff may move the Court for reconsideration of this Opinion and Order in accordance with this Court's Local Rules and the Federal Rules of Civil Procedure, and/or (2) a notice of appeal from this Opinion and Order.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

SO ORDERED.

Dated: June 2, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge