UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                         :

JOHN WILLIAMS MILLER,                   :

                  Plaintiff,          :

        -v-                 :         25 Civ. 1172 (JPC) (RFT)

                         :

APPLE, INC.,                   :         <u>OPINION AND ORDER</u>

                         :

              Defendant.      :

                         :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

This case is among many lawsuits that Plaintiff John Williams Miller has filed against Defendant Apple, Inc., in courts across the country. On June 2, 2025, the Court dismissed this action without prejudice for lack of personal jurisdiction and denied Plaintiff leave to further amend his Complaint. *Miller v. Apple, Inc.*, 25 Civ. 1172 (JPC) (RFT), 2025 WL 1554589, at *8-9, 14 (S.D.N.Y. June 2, 2025). The Court further issued a filing injunction, directing this District's Clerk of Court not to accept further filings from Plaintiff in this action—aside from a motion for reconsideration of the June 2, 2025 Opinion and Order or a notice of appeal—absent leave of Court. *Id.* at *11. That same day, the Clerk of Court entered judgment in favor of Defendant. Dkt. 330.

Plaintiff now moves for relief from the Court's June 2, 2025 Opinion and Order pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6), relying on two purportedly newly discovered documents. Dkt. 331 ("Motion").[1] But neither would have any impact on the Court's personal-jurisdiction ruling. Thus, and for reasons that follow, Plaintiff's motion is denied.

---

[1] Although Plaintiff's Rule 60(b) motion technically does not fall within the two exceptions for filings in this case without leave, *see Miller*, 2025 WL 1554589, at *11, the Court considers the motion on its merits.

## I. Background

The Court assumes familiarity with the procedural history of this case, which is discussed in the Court's June 2, 2025 Opinion and Order.  *See Miller*, 2025 WL 1554589, at *1-2.  In that Opinion and Order, the Court resolved several motions filed by Plaintiff.  It denied Plaintiff's repeated motions for recusals of the undersigned and the Honorable Robyn F. Tarnofsky, denied his motion to further amend his complaint, denied his request for a default judgment against Defendant, and dismissed his case without prejudice for lack of personal jurisdiction.  *Id.* at *2-9. The Court further issued a limited filing injunction in light of "the abusive nature of Plaintiff's filings and actions in this case," directing the Clerk of Court "not to accept further filings or docket further submissions from Plaintiff in this matter," aside from "a single motion for reconsideration and/or a notice of appeal from [the June 2, 2025] Opinion and Order," without first obtaining leave of Court.  *Id.* at *11.

Relevant here is the Court's dismissal of Plaintiff's Complaint on personal-jurisdiction grounds as recommended by Judge Tarnofsky in her Report and Recommendation of April 16, 2025.  *See* Dkt. 180 ("R&R").  The Court explained that, "[a]s Judge Tarnofsky concluded, Plaintiff has failed to adequately allege a basis for this Court to exercise personal jurisdiction over [Defendant], either based on general personal jurisdiction or specific personal jurisdiction." *Miller*, 2025 WL 1554589, at *9.[2]  Indeed, Plaintiff failed to even "attempt to contend with Judge

_____

[2] Judge Tarnofsky explained in the Report and Recommendation:

> Plaintiff has not alleged that Apple is a New York corporation, has its principal place of business in New York, or has such extensive contacts with New York that Apple is essentially at home here. (*See generally* ECF 3, Am. Compl.) Accordingly, Plaintiff fails adequately to allege a basis for this Court to exercise general personal jurisdiction over Defendant. *See SPV OSUS [Ltd. v. UBS AG]*, 114 F. Supp. 3d [161,] 168 [(S.D.N.Y. 2015)].

> As to specific personal jurisdiction, Plaintiff does not expressly allege where wrongful conduct by Apple took place. The Amended Complaint alleges no

2

Tarnofsky's reasoning regarding . . . the lack of sufficient allegations of personal jurisdiction in this matter." *Id.* Because the Court dismissed on personal-jurisdiction grounds, its analysis began and ended there, without reaching the merits of Plaintiff's claims. *Id.*

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion seeking relief under Rule 60(b)(6) "must be based upon some reason other than those stated in clauses (1)-(5)," *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (citation modified), and requires a showing of "extraordinary circumstances" warranting relief, *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002).

Although the language of Rule 60(b) is broad, its operation is narrow. "Rule 60(b) provides a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates

---

concrete facts suggesting that the actions by Apple that underlie this case took place in New York. (*See, e.g.*, ECF 3, at 17 (providing no explanation for why Apple's status as Defendant or Apple's alleged misconduct makes this District "uniquely suited to presid[ing] over this case").) However, the types of behavior Plaintiff alleges – including reproducing and distributing Plaintiff's software without authorization and benefitting from doing so (*see* ECF 3, Am. Compl. at 17-18) – would have taken place where Apple is domiciled, which according to Apple, is in California (*see* ECF 38, Def. Mem. at 15 (stating that Apple is a California corporation)). Accordingly, Plaintiff fails adequately to allege a basis for this Court to exercise specific personal jurisdiction over Defendant. *See Best Van Lines [Inc. v. Walker]*, 490 F.3d [239,] 246 [(2d Cir. 2007)].

R&R at 18.

3

exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (alteration in original; citation modified).   And in evaluating a motion under Rule 60(b), "the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties as a result." *Crystal Waters Shipping Ltd. v. Sinotrans Ltd. Project Transp. Branch*, 633 F. Supp. 2d 37, 41 (S.D.N.Y. 2009) (citation modified).   Relief under Rule 60(b), therefore, is generally disfavored and only sparingly granted.  *See Flynn v. Nat'l Asset Mgmt. Agency*, 303 F.R.D. 448, 451 (S.D.N.Y. 2014).

### III.  Discussion

Plaintiff argues that he is entitled to relief pursuant to Rule 60(b) based on two documents that he did not previously present to the Court.  Motion at 1.  He describes the first as "[t]he governing contract defining the relationship between the parties," and the second as "[a] cease-and-desist letter issued by Defendant's counsel interpreting that contract." *Id.*  Plaintiff contends that neither was previously available to him despite his "diligent efforts" because "[a]t the time of the initial proceedings, the computer system containing the operative contract was not accessible due to physical damage to the device and encryption of the storage medium." *Id.* at 2.  Plaintiff argues that "these documents demonstrate that the Court's prior ruling was made without the benefit of material evidence directly bearing on . . . [o]wnership of the intellectual property; . . . [t]he legal nature of the contractual relationship; and . . . [t]he factual foundation underlying Plaintiff's claims." *Id.*

Putting aside whether Plaintiff could have discovered either document with "reasonable diligence" for purposes of Rule 60(b)(2), neither could potentially impact the basis for the Court's dismissal of Plaintiff's Complaint: a lack of personal jurisdiction over Defendant.  As the Court explained in its June 2, 2025 Opinion and Order and as Judge Tarnofsky explained in her Report

and Recommendation, Plaintiff failed to establish personal jurisdiction over Defendant because he did not allege facts supporting either general jurisdiction or specific jurisdiction, such as concrete facts suggesting that the relevant actions by Defendant took place in New York. *Miller*, 2025 WL 1554589, at *9; R&R at 18. The newly cited documents likewise do not indicate that Defendant took any action relevant to Plaintiff's claims in New York. The purported contract indicates that it is for "John W Miller" to perform services at a "Project Location" in "Sunnyvale, CA," Motion, Exh. A at 1, and does not even mention New York, *see generally id.* The purported "cease-and-desist letter"—which appears to be from Defendant's counsel to Plaintiff's counsel following the conclusion of a different litigation brought by Plaintiff—also does not discuss any conduct relevant to this action that occurred in New York. Motion, Exh. B. Plaintiff's purported discovery of these documents thus does not warrant relief from the Court's prior Opinion and Order pursuant to Rule 60(b)(2). Nor has Plaintiff otherwise shown extraordinary circumstances that justify relief under Rule 60(b)(6). His motion therefore is denied.

## IV. Conclusion

For the aforementioned reasons, Plaintiff's motion for relief from the Court's Opinion and Order dismissing this action is denied. Plaintiff is reminded that the filing injunction the Court previously ordered remains in place: Plaintiff may not make further filings in this matter absent leave of Court, aside from (1) a single document from Plaintiff clearly entitled "Motion for Reconsideration Under Local Civil Rule 6.3," in which Plaintiff may move the Court for reconsideration of this Opinion and Order in accordance with this Court's Local Rules and the Federal Rules of Civil Procedure, and/or (2) a notice of appeal from this Opinion and Order. The Court also reiterates its warning that if Plaintiff continues to pursue frivolous claims and make

abusive filings,[3] a harsher restriction on his access to the judicial system may be appropriate. *See Miller*, 2025 WL 1554589, at *13-14.

The Clerk of Court is respectfully directed to close the motion at Docket Number 331, and to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

SO ORDERED.

Dated: May 1, 2026
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[3] The Court notes that after filing the instant Rule 60(b) motion, Plaintiff has made ten more filings on the docket, *see* Dkts. 332-341, in violation of the Court's prior filing injunction, *Miller*, 2025 WL 1554589, at *11.