UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                            :
JOHN WILLIAMS MILLER,                                       :
                                                            :
                              Plaintiff,                    :
                                                            :
              -v-                                           :            25 Civ. 1172 (JPC) (RFT)
                                                            :
APPLE, INC.,                                               :            ORDER
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On May 6, 2026, Plaintiff John Williams Miller moved for reconsideration of the Court's Opinion and Order of May 1, 2026, Dkt. 342, which denied his motion pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6) for relief from the Court's prior Opinion and Order dismissing this action without prejudice for lack of personal jurisdiction, Dkt. 329. Dkts. 343, 344 ("Miller Decl.").

Motions for reconsideration in this District are governed by Local Civil Rule 6.3, which requires the movant to "set[ ] forth concisely the matters or controlling decisions which the moving party believes the Court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3. The standard for granting reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Motions for reconsideration are 'addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances.'" *Calltrol Corp. v. Loxysoft AB*, No. 18 Civ. 9026 (NSR), 2026 WL 1243330, at *1 (S.D.N.Y. May 6, 2026) (quoting *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). They thus "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

Plaintiff's motion for reconsideration relies on new factual assertions in a declaration he swore to under penalty of perjury. *See* Miller Decl. In it, Plaintiff attests that he was in Brooklyn, New York, when he developed the source code that allegedly is the subject of his claims against Defendant. *Id.* ¶ 2. These facts clearly were in Plaintiff's possession since the onset of this litigation, yet he did not bring them to the Court's attention previously. A motion for reconsideration, however, "may not be used to advance new facts, issues or arguments not previously presented to the Court." *Davidson*, 172 F. Supp. 2d at 461 (citing *Shrader*, 70 F.3d at 257). Moreover, Plaintiff's motion for reconsideration contends only that *he* created the source code in Brooklyn, which would have no impact on the Court's conclusion that Plaintiff failed to establish personal jurisdiction over *Defendant*, because "he did not allege facts supporting either general jurisdiction or specific jurisdiction, such as concrete facts suggesting that the relevant actions by Defendant took place in New York." *Miller v. Apple,* No. 25 Civ. 1172 (JPC), 2025 WL 1194593, at *2 (S.D.N.Y. May 1, 2026).

Therefore, Plaintiff's motion for reconsideration is denied. The Clerk of Court is respectfully directed to close Docket Number 343.

SO ORDERED.

Dated: May 11, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge